# In re Joel Gladwin FESALE, Respondent

File A73 068 308 - New York City

*Decided October 27, 1995*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The remittance required by section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i) (1994), added by the Department of Commerce, Justice, and State Appropriations Act for 1995, Pub. L. No. 103-317, 108 Stat. 1724, 1765, equalling five times the processing fee for an application for adjustment of status, is by definition a statutorily mandated "sum," and a requirement separate and apart from the fee which federal regulations at 8 C.F.R. § 103.7 (1995) require an alien to pay when filing an application for adjustment of status under section 245 of the Act.

(2) The statutorily mandated sum required by section 245(i) of the Act cannot be waived by an Immigration Judge under the "fee waiver" provisions of 8 C.F.R. §§ 3.24 and 103.7 (1995), based on a showing of an alien's indigency.

FOR RESPONDENT: Reverend Robert Vitaglione, Accredited Representative, Brooklyn, New York

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Jennifer Barnes, Appellate Counsel

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, and GUENDELSBERGER, Board Members

HOLMES, Board Member:

In a decision dated December 1, 1994, an Immigration Judge found the respondent deportable, determined that he was ineligible for any relief from deportation, and ordered him deported to Barbados. The respondent has appealed from the finding that he is ineligible to apply for adjustment of status under the provisions of section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i) (1994). The appeal will be dismissed. The request for oral argument before this Board is denied. 8 C.F.R. § 3.1(e) (1995).

## I. BACKGROUND

The respondent, a 19-year-old single male, is a native and citizen of Barbados. He entered the United States in May 1989 as a visitor for pleasure authorized to remain here for 6 months, but did not depart. In February 1993, he was convicted of petty larceny, followed by a May 1994 conviction for third degree robbery. The respondent was placed into deportation proceedings and charged with deportability under sections 241(a)(1)(B) and (2)(A)(ii) of the Act, 8 U.S.C. §§ 1251(a)(1)(B) and (2)(A)(ii) (1994).

At his deportation hearing, the respondent conceded he was deportable as charged, but requested the opportunity to apply for adjustment of status under section 245(i) of the Act, which had then been recently added to the Act. *See* section 506(b) of the Department of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act for 1995, Pub. L. No. 103-317, 108 Stat. 1724, 1765 ("Appropriations Act for 1995").[1] The respondent tendered a completed Application for Permanent Residence (Form I-485). Claiming to be indigent, he asked the Immigration Judge to waive the payment, amounting to five times the standard adjustment filing fee, which section 245(i) requires to be remitted prior to acceptance of the application. The respondent argued that since the "sum" (or "fee" as he termed it) pertained to a matter within the jurisdiction of the Immigration Judge, it could be waived by the Immigration Judge pursuant to the authority conferred upon him by 8 C.F.R. § 103.7(c) (1995). *See also* 8 C.F.R. § 3.24 (1995).[2]

After a review of the language of section 245(i) of the Act, the then-interim regulations promulgated to implement it, and the supplementary information which accompanied those regulations, the Immigration Judge concluded that his authority to waive certain fees did not extend to the statutory "fee" imposed by section 245(i) of the Act. *See* 8 C.F.R. §§ 3.24, 103.7(c) (1995). In view of the respondent's failure to pay the sum required by section 245(i), the Immigration Judge declined to accept the respondent's application for adjustment of status (although it was retained in the record of proceedings for appeal purposes) and ultimately ordered the respondent

---

[1] This decision pertains only to that "section 245(i)" which was added to the Act by section 506 of the Appropriations Act for 1995, and not to the "section 245(i)" enacted by section 130003 of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat. 1796, 2024A. This latter provision, which allows certain nonimmigrant aliens who have supplied the United States with certain critical information to seek adjustment of status, was also designated as "section 245(i)" through a clerical oversight. *See Matter of Grinberg*, 20 I&N Dec. 911 (BIA 1994).

[2] In pertinent part, 8 C.F.R. § 103.7(c) (1995) provides that, except as otherwise provided therein, any fees prescribed in 8 C.F.R. § 103.7(b) (1995) "relating to applications, petitions, appeals, motions, or requests may be waived by the Immigration Judge in any case under his/her jurisdiction in which the alien or other party affected is able to substantiate that he or she is unable to pay the prescribed fee." Likewise, under 8 C.F.R. § 3.24 (1995), an Immigration Judge may waive "[a]ny fees pertaining to a matter within [his/her] jurisdiction . . . upon a showing that the respondent/applicant is incapable of paying the fees because of indigency."

deported from the United States. The respondent has filed a timely appeal. He argues that he should be allowed to pursue an application for adjustment of status because the Immigration Judge is authorized by federal regulation to waive the statutory "fee" imposed by section 245(i) of the Act.

## II. SECTION 245 OF THE ACT

Prior to the enactment of section 245(i) of the Act, aliens physically present in the United States who entered this country without inspection or who fell within any one of the classes of aliens enumerated in section 245(c) of the Act were statutorily barred from the adjustment provisions of section 245 of the Act. *See* sections 245(a) and (c) of the Act.[3] The respondent was ineligible for adjustment of status prior to the enactment of section 245(i) both because he was in an unlawful immigration status by the time of his deportation proceedings and because he had failed to maintain a continuous lawful status since entry into the United States. *See* section 245(c)(2) of the Act.

With the passage of section 245(i), however, certain aliens, who were previously barred from adjustment of status under the provisions of section 245(a) and (c) of the Act, are now eligible to apply for adjustment of status at least for a temporary period of time.[4] Section 245(i) of the Act provides:

(1) Notwithstanding the provisions of subsections (a) and (c) of this section, an alien physically present in the United States who—

(A) entered the United States without inspection; or

(B) is within one of the classes enumerated in subsection (C) of this section,

may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence. The Attorney General may accept such application *only if the alien remits with such application a sum equalling five times the fee required for the processing of applications under this section as of the date of receipt of the*

---

[3] Those aliens barred by section 245(c) of the Act from the benefits of section 245 of the Act include: (1) alien crewmen; (2) aliens (other than an immediate relative as defined in section 201(b) of the Act, 8 U.S.C. § 1151(b) (1994), or a special immigrant described in sections 101(a)(27)(H), (I), (J), or (K) of the Act, 8 U.S.C. §§ 1101(a)(27)(H), (I), (J), or (K) (1994)), who engaged in or accepted unauthorized employment prior to filing an application for adjustment of status, who were in unlawful immigration status on the date of the filing of such application, or who failed (other than through no fault of their own or for technical reasons) to maintain a continuous lawful status since entry into the United States; (3) aliens admitted under section 212(d)(4)(C) of the Act, 8 U.S.C. § 1182(d)(4)(C) (1994); and (4) aliens (other than an immediate relative as defined in section 201(b) of the Act) who were admitted as a nonimmigrant visitor without a visa under section 212(l) or section 217 of the Act, 8 U.S.C. § 1187 (1994).

[4] Section 506(c) of the Appropriations Act of 1995 provides that "[t]he provisions of these amendments to the Immigration and Nationality Act shall take effect on October 1, 1994, and shall cease to have effect on October 1, 1997." The regulations provide that an application for the adjustment of status benefits of section 245(i) "may not be filed before October 1, 1994," and "cannot be granted on or after October 1, 1997." *See* 8 C.F.R. § 245.10(c) (1995).

*application*, but such sum shall not be required from a child under the age of seventeen, or an alien who is the spouse or unmarried child of an individual who obtained temporary or permanent resident status under section 210 or 245A of the Immigration and Nationality Act or section 202 of the Immigration Reform and Control Act of 1986 at any date, who—

(i) as of May 5, 1988, was the unmarried child or spouse of the individual who obtained temporary or permanent resident status under section 210 or 245A of the Immigration and Nationality Act or section 202 of the Immigration Reform and Control Act of 1986;

(ii) entered the United States before May 5, 1988, resided in the United States on May 5, 1988, and is not a lawful permanent resident; and

(iii) applied for benefits under section 301(a) of the Immigration Act of 1990. The sum specified herein shall be in addition to the fee normally required for the processing of an application under this section.

(2) Upon receipt of such an application and the sum hereby required, the Attorney General may adjust the status of the alien to that of an alien lawfully admitted for permanent residence if—

(A) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and

(B) an immigrant visa is immediately available to the alien at the time the application is filed.

(3) Sums remitted to the Attorney General pursuant to paragraphs (1) and (2) of this subsection shall be disposed of by the Attorney General as provided in sections 286(m), (n), and (o) of this title. (Emphasis added.)

Thus, while Congress temporarily eliminated certain absolute bars to adjustment of status, it expressly provided in section 245(i)(1) of the Act that an application for adjustment under that section may be accepted "only if the alien remits with such application a sum equalling five times the fee required for the processing of applications under this section as of the date of receipt of the application."

## III. ISSUE PRESENTED

The issue on appeal is whether the "sum" of five times the standard adjustment fee required by section 245(i) of the Act can be waived by an Immigration Judge under the "fee waiver" provisions of 8 C.F.R. §§ 3.24 and 103.7(c) (1995), based on a showing of indigency.[5]

## IV. DISCUSSION

In all cases involving statutory construction, the starting point must be the language employed by Congress, and it is assumed that the legislative

---

[5] Although the question of the respondent's statutory eligibility for relief under section 245(i) of the Act was discussed briefly in the hearing below, the Immigration Judge did not enter any specific findings on the issue except as regards the payment of the "sum" required by section 245(i).

purpose is expressed by the ordinary meaning of the words used. *INS v. Cardoza-Fonseca,* 480 U.S. 421, 431 (1987); *INS v. Phinpathya,* 464 U.S. 183, 189 (1984); *see also T.S. v. Board of Educ.*, 10 F.3d 87 (2d Cir. 1993); *Luyando v. Grinker*, 8 F.3d 948 (2d Cir. 1993); *United States v. Lindsey,* 985 F.2d 666 (2d Cir.), *cert. denied*, 510 U.S. 832 (1993). Accordingly, our analysis begins with the language of section 245(i) itself.

In pertinent part, section 245(i) of the Act mandates a remittance of an amount of money equalling five times the fee required for the filing of a 245 adjustment application. Although the parties and the Immigration Judge throughout these proceedings have loosely termed this remittance a "fee," it is by definition a statutorily mandated "sum."[6] *See Connecticut National Bank v. German*, 503 U.S. 249, 252 (1992) (stating that courts must presume that a legislature says in a statute what it means and means in a statute what it says); *Aslandis v. United States Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993). Moreover, Congress differentiated this "sum" from the standard adjustment filing fee when it wrote that "[t]he sum specified herein shall be in addition to the *fee* normally required for the processing of an application under [section 245 of the Act]." Section 245(i)(1)(B)(iii) of the Act (emphasis added). The language of section 245(i) of the Act thus makes clear that this sum is a requirement separate and apart from the fee which federal regulations require an alien to pay for filing a section 245 adjustment application.[7]

Moreover, except as noted below, section 245(i) of the Act expressly prohibits the Attorney General, and, hence, the Immigration Judge as her delegate, from accepting a section 245(i) adjustment application in the event this additional sum is not remitted. *See* section 245(i)(1) of the Act. Congress chose to exempt only two groups of aliens from paying this additional sum of money—children under the age of 17, and certain spouses and unmarried children of individuals who obtained temporary or permanent resident status under section 210 or 245A of the Act, 8 U.S.C. §§ 1160 and 1255a (1994), or section 202 of the Immigration Reform and Control Act of 1986, Pub. L. No. 99-603, 100 Stat. 3359, 3404-05. Aliens who are unable to pay this sum because of indigency, on the other hand, were not exempt from this requirement.

---

[6] In contrast, the filing fee applicable to an Application for Permanent Resident Status (Form I-485), as set forth in 8 C.F.R. § 103.7(b) (1995), was prescribed within the framework of the Independent Offices Appropriations Act, 31 U.S.C. § 9701 (1982) (originally codified at 31 U.S.C. § 483a), which authorizes the head of each agency to prescribe regulations establishing "the charge for a service or thing of value provided by the agency."

[7] Although Congress has directed in section 245(i)(3) that the "sums" remitted under section 245(i) of the Act be disposed of by the Attorney General in the same fashion as regulatory-imposed "adjudication fees," its use of the term "sums" in section 245(i)(3) indicates its intent to differentiate these sums from regulatory filing fees. *See* section 286 of the Act, 8 U.S.C. § 1356 (1994).

Thus, Congress specifically addressed the issue of which aliens could be excused from paying the otherwise mandated sum. Had there been any intention to excuse payment of this sum based on indigency, Congress could have readily done so. Congress did not, however, choosing instead to exempt only those two groups specifically designated to the exclusion of all others. *See United States v. Newman*, 982 F.2d 665 (1st Cir. 1992) (holding that under the principle of expressio unius est exclusio alterius, enumeration of specific exclusions from operation of statute is indication that statute should apply to all cases not specifically excluded), *cert. denied*, 510 U.S. 812 (1993); *Rylewicz v. Beaton Services, Ltd.*, 888 F.2d 1175 (7th Cir. 1989); *United States v. Goldbaum,* 879 F.2d 811 (10th Cir. 1989); *Bailey v. Federal Intermediate Credit Bank of St. Louis*, 788 F.2d 498 (8th Cir.), *cert. denied,* 479 U.S. 915 (1986).

Federal regulations do permit an Immigration Judge to waive certain fees pertaining to matters within his/her jurisdiction. *See* 8 C.F.R. §§ 103.7, 3.24 (1995). However, for the reasons stated above, we find no support in the Act for the premise, advanced by the respondent, that this authority extends to the statutory sum imposed by section 245(i) of the Act.

The respondent nevertheless turns for support, not to any language of section 245(i) or any legislative history behind its enactment, but rather to an explanatory comment contained in the supplementary information that accompanied the Immigration and Naturalization Service's interim regulation, promulgated after the passage of section 245(i). Language in the comments to the interim regulations suggested that this sum of five times the filing fee could be waived under 8 C.F.R. § 3.24 or § 103.7(c) (1995).[8] However, the commentaries relied upon by the respondent are simply explanatory remarks of the Service which were not incorporated into the language of the interim or final regulations. Moreover, the regulations now specifically

---

[8] These interim regulations, which were published in the Federal Register on October 7, 1994, *see* 59 Fed. Reg. 51,091-100 (1994), and took effect on October 1, 1994, have since been codified in pertinent part, at 8 C.F.R. § 245.10 (1995).

The commentary relied upon by the respondent states as follows:

> Also, fee waivers may be granted under 8 C.F.R. 103.7(c) only if the applicant substantiates his or her inability to pay the prescribed fee. Since a person applying for adjustment of status under section 245 of the Act is required to show financial resources or income establishing that he or she is not likely to become a public charge in the United States, *a person who can establish a basis for waiving payment of the additional sum* would be unlikely to be eligible for adjustment of status under section 245 of the Act.

> 59 Fed. Reg. 51,091, 51,093 (1994) (emphasis added). Relying upon this language, counsel for the Service opined at the hearing that the Immigration Judge could waive the additional sum, but, as a practical matter, would find it unnecessary to do so since an adjustment applicant who was unable to pay the sum would also be unable to prove his admissibility under section 212(a)(4) of the Act. *See* section 245(i)(2) of the Act. On appeal, the Service has clarified its position and submits that the sum required under section 245(i) cannot be waived under 8 C.F.R. §§ 103.7(c) or 3.24 (1995).

provide that "[t]he payment of the additional sum prescribed by section 245(i) of the Act when applying for adjustment of status under section 245 of the Act may *not* be waived except as directed in section 245(i) of the Act." 8 C.F.R. § 103.7(c)(1) (1995) (emphasis added); *accord* 8 C.F.R. § 245.10(b) (1995). Accordingly, there is no regulatory support for the respondent's position.

The respondent finally argues that, since the additional sum is a multiple of the filing fee, no sum is actually required if the filing fee in his case were to be waived. The respondent reasons that, with no filing fee to be paid, the additional sum of "five times the amount of the filing fee" essentially becomes zero since five times zero is zero. We agree with the respondent's math, but not with his conclusion. We read the language of "five times the fee required" to mean five times the general fee being *charged* of all 245 adjustment applications as of the date of receipt of application regardless of whether that fee is paid in any given case. As noted above, the language of section 245(i) does not reflect any intention on the part of Congress to exempt any aliens from paying the additional sum other than those aliens designated therein, and, therefore, to read the statute as the respondent suggests would lead to a result inconsistent with the language of the Act.

## V.  CONCLUSION

For these reasons, we conclude that an Immigration Judge is not authorized to waive payment of the additional "sum" required by section 245(i) of the Act based on an alien's indigency. An Immigration Judge is precluded from accepting an application of an alien seeking the benefits of section 245(i) of the Act without remittance of the additional sum, except in the case of those aliens who are specifically exempt by statute from that requirement.

As the respondent does not fall within any of the classes of aliens exempt from payment of the additional sum of money required by section 245(i) of the Act, his failure to remit the additional sum precluded the Immigration Judge from accepting his application for adjustment of status under section 245(i) of the Act.[9]  Accordingly, we must dismiss this appeal.

**ORDER:**    The appeal is dismissed.

---

[9] This decision does not preclude the respondent from seeking lawful permanent resident status in this country through the immigrant visa issuance process abroad.