# In re Saleem Hassan MASRI, Respondent

## File A91 890 751 - Phoenix

*Decided November 30, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The Immigration Judge and the Board of Immigration Appeals have jurisdiction over proceedings conducted pursuant to section 246 of the Immigration and Nationality Act, 8 U.S.C. § 1256 (Supp. II 1996), to rescind adjustment of status granted under section 210 of the Act, 8 U.S.C. § 1160 (1988 & Supp. II 1990).

(2) Information provided in an application to adjust an alien's status to that of a lawful temporary resident under section 210 of the Act is confidential and prohibited from use in rescission proceedings under section 246 of the Act, or for any purpose other than to make a determination on an application for lawful temporary residence, to terminate such temporary residence, or to prosecute the alien for fraud during the time of application.

Jose A. Bracamonte, Esquire, Phoenix, Arizona, for the respondent

David Peters, Assistant District Counsel, for the Immigration and Naturalization Service

Before:    Board En Banc:  SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEIL-MAN, HURWITZ, VILLAGELIU, COLE, ROSENBERG, MATHON, GUEN-DELSBERGER, GRANT, and MILLER, Board Members. Concurring Opinion: HOLMES, Board Member, joined by FILPPU, JONES, and MOSCATO, Board Members.

ROSENBERG, Board Member:

In an order dated January 15, 1998, an Immigration Judge terminated rescission proceedings brought against the respondent under section 246(a) of the Immigration and Nationality Act, 8 U.S.C. § 1256(a) (Supp. II 1996), and certified his decision to this Board for review pursuant to 8 C.F.R. §§ 3.1(c) and 242.8 (1997).  The Immigration Judge's decision will be affirmed.

## I. PROCEDURAL OVERVIEW

The record reflects that the respondent's status was adjusted on December 1, 1990, from that of lawful temporary resident to lawful permanent resident pursuant to the special agricultural worker ("SAW") provisions set forth at section 210 of the Act, 8 U.S.C. § 1160 (1988 & Supp. II 1990). On November 27, 1995, the district director of the Immigration and Naturalization Service issued a notice of intention to rescind the respondent's adjustment of status, alleging that the respondent had procured his lawful permanent residence through fraud or willful misrepresentation. Specifically, the Service alleged that the respondent had stated that he had performed qualifying agricultural work at a farm, that the respondent had submitted employment verification documents signed by his purported employer, including an Affidavit Confirming Seasonal Agricultural Employment (Form I-705), and that the respondent had certified that the information in his application was true.

The Service also asserted that on August 6, 1995, the purported employer signed a sworn statement in which he declared that the Form I-705 was not signed by him, that the respondent never resided with him and that, in fact, he never had met the respondent. Therefore, in the decision that gave rise to the rescission proceedings before the Immigration Judge, the Service found that the evidence previously submitted by the respondent lacked credibility and that he had failed to establish performance of 90 days of agricultural employment during the requisite period. The Service concluded that the respondent's adjustment of status was the result of fraud or willful misrepresentation with regard to his lawful temporary residence application and should be rescinded.[1]

Pursuant to 8 C.F.R. § 246.1 (1996), the respondent timely requested a hearing from the Service's findings before an Immigration Judge. The respondent argued that under section 210(b)(6)(A) of the Act, the information contained in the application for temporary resident status is confidential and can be used only for certain purposes; these purposes do not include the rescission of adjustment of status. Therefore, the respondent requested that the Immigration Judge terminate the proceedings.

In his January 15, 1998, decision, the Immigration Judge found that to prove its allegations, the Service sought to rely exclusively on information furnished by the respondent in applying for legalization under the SAW program. The Immigration Judge further found that the use of this information was in violation of the confidentiality provisions contained in section

---

[1]As the Service points out in its brief on appeal, it has withdrawn from the position taken in *Matter of Jimenez-Lopez*, 20 I&N Dec. 738, 739-40 (BIA 1993), that it is without authority to rescind lawful permanent resident status.

210(b)(6)(A) of the Act. He concluded that the Service failed to meet its burden of proof in these proceedings. The Immigration Judge terminated the proceedings and certified the case to the Board. 8 C.F.R. §§ 3.1(c), 3.7 (1998).

By letter dated January 26, 1999, we notified the parties of the certification and informed them of their right to make representations before the Board, including the right to request oral argument and to submit a brief. In addition, we requested that they address the following two specific issues: (1) whether use of the information provided by the respondent in his SAW application is barred under the confidentiality provision listed in section 210 of the Act; and (2) whether the Board has jurisdiction over this case in light of the fact that the Service and its Administrative Appeals Unit ("AAU") have exclusive jurisdiction over the initial determination of the application for lawful permanent residence. Both parties responded to our letter by filing briefs, which have been included in the record.

## II. ISSUES ON CERTIFICATION

There are two principal issues before us. The first issue is the scope of our jurisdiction in proceedings involving rescission of adjustment of status granted pursuant to section 210 of the Act. The second issue is the effect of the confidentiality provision in section 210 of the Act.

On certification, the Service argues that rescission proceedings pursuant to section 246 of the Act constitute a proper forum in which to redetermine the respondent's eligibility for temporary residence and adjustment of status. The Service urges the Board to consider the evidence originally provided, notwithstanding the statutory bar under section 210(b)(6)(A) of the Act restricting the use of such information, and to rescind the action granting adjustment of status.

The Service acknowledges that the only evidence it has to establish that the respondent committed fraud in applying for lawful temporary residence is that provided by the respondent in connection with his original application for temporary residence. The respondent emphasizes the statutory and regulatory restrictions limiting the use of evidence deemed confidential under section 210 of the Act and reasserts his position that the rescission proceedings were properly terminated on the merits by the Immigration Judge.

## III. STATUTORY AND REGULATORY RULES OF CONSTRUCTION

As stated by the United States Supreme Court, there is "no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes." *Perry v. Commerce Loan Co.,* 383 U.S. 392, 400, *reh'g denied*, 384 U.S. 934 (1966). If the

statutory language is clear, that is the end of the inquiry, as Immigration Judges and this Board, as well as the courts, "'must give effect to the unambiguously expressed intent of Congress.'" *Matter of W-F-,* 21 I&N Dec. 503, 506 (BIA 1996) (quoting *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843 (1984)); *see also Gonzalez v. McNary*, 980 F.2d 1418, 1420 (11th Cir. 1993).

The same is true of regulations. *Diaz v. INS*, 648 F. Supp. 638, 644 (E.D. Cal. 1986) (citing *Malat v. Riddell*, 383 U.S. 569, 571 (1966)). It is assumed that the legislative purpose is expressed by the ordinary or plain meaning of the words used. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987); *Matter of Fesale*, 21 I&N Dec. 114, 117-18 (BIA 1995); *see also Malat v. Riddell, supra,* at 571.

In addition, a statute or regulation should be construed so that effect is given to all its provisions, so that no part of it will be inoperative or superfluous, void or insignificant. *See* 2A Norman J. Singer, *Sutherland Statutory Construction* § 46.06 (4th ed. 1984); *see also Matter of Grinberg*, 20 I&N Dec. 911 (BIA 1994). It is a court's duty "'to give effect, if possible, to every clause and word of a statute.'" *United States v. Menasche*, 348 U.S. 528, 538-39 (1955) (quoting *Inhabitants of Montclair Township v. Ramsdell*, 107 U.S. 147, 152 (1883)). "A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme . . . because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law." *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc.*, 484 U.S. 365, 371 (1988); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987); *see also Diaz v. INS, supra,* at 644 (holding that when analyzing regulations, "if possible, all ambiguities are to be resolved in favor of an interpretation consistent with the statutory and regulatory scheme," and citing *United Telecommunications, Inc. v. Commissioner*, 589 F.2d 1383, 1390 (10th Cir. 1978), *cert. denied*, 442 U.S. 917 (1979)). Keeping these rules of construction in mind, we now turn to the statutory and regulatory sections at issue.

## IV. ANALYSIS

### A. Rescission Proceedings

Section 246(a) of the Act directs the Attorney General to rescind a prior action granting a person adjustment of status to that of an alien lawfully admitted for permanent residence if it appears to the "satisfaction of the Attorney General that the person was not in fact eligible for such adjustment of status." Section 246(a) of the Act provides, in pertinent part, as follows:

> If, at any time within five years after the status of a person has been otherwise adjusted under the provisions of section 245 or section 249 of this Act [1255 or 1259] *or any other provision of law* to that of an alien lawfully admitted for permanent residence, it shall appear to the satisfaction of the Attorney General that the person was not in fact eligible for such adjustment of status, the Attorney General shall rescind the action taken granting an adjustment of status . . . .  (Emphasis added.)

The plain meaning of the underscored portion above establishes that the Attorney General's authority under section 246 extends to rescission proceedings involving an alien who has been granted adjustment of status pursuant to section 210 of the Act.

In the regulations implementing section 246, the Attorney General provided that if it appears that a person was not, in fact, eligible for the adjustment of status that was granted, a proceeding shall be commenced by the district director by way of service of a notice of intent to rescind. 8 C.F.R. § 246.1. The notice shall inform the respondent that he or she may submit, within 30 days, an answer in writing setting forth the reasons why such rescission shall not be made, and that he or she may request a hearing before an Immigration Judge. *Id.*

The regulations also provide that if the respondent admits the allegations in the notice to rescind or if no answer is timely submitted, the district director shall rescind the previous grant of adjustment of status. 8 C.F.R. § 246.2 (1999).  However, if a respondent contests the notice to rescind and/or requests a hearing, then jurisdiction vests with the Immigration Judge "to determine whether adjustment of status shall be rescinded."  8 C.F.R. § 246.4 (1999).  Furthermore, the regulations state that "[n]othing contained in this part shall be construed to diminish the authority conferred on immigration judges by the Act."  *Id.*

Based on this language, we find that the statute and regulations grant the Immigration Judges and, consequently, this Board jurisdiction over rescission proceedings pursuant to section 246, including those brought to rescind adjustment of status granted under section 210 of the Act.

## B. Determination of Eligiblity and Confidentiality of Information

The statute and regulations also govern whether we (and the Immigration Judges) are permitted to consider information that was provided in connection with a respondent's original application for temporary resident status in determining whether to rescind the lawful permanent resident status subsequently granted the respondent. Pursuant to section 210(a)(1) of the Act,

> The Attorney General shall adjust the status of an alien to that of an alien lawfully admitted for temporary residence if the Attorney General *determines* that the alien meets the following requirements.

In addition, section 210(a)(3)(A) of the Act provides that the Attorney General may terminate the status "only upon a *determination* under this Act that the alien is deportable." Section 210(a)(3)(B) of the Act provides, in pertinent part, that the Attorney General "may deny adjustment to permanent status and provide for termination of the temporary resident status" if the Attorney General "*finds* by a preponderance of the evidence" that the adjustment to temporary residence was the result of fraud or willful misrepresentation.

The regulations specifically define the terms *determines* and *determination* as used in the statute to describe the adjudicatory process. Pursuant to regulation,

> Determination process as used in this part means reviewing and evaluating all information provided pursuant to an application for the benefit sought and making a determination *thereon*. If fraud, willful misrepresentation of a material fact, a false writing or document, or any other activity prohibited by section 210(b)(7) of the Act is discovered during the determination process the Service shall refer the case to a U.S. Attorney for possible prosecution.

8 C.F.R. § 210.1(e) (1999) (emphasis added). We find that this definition implements sections 210(a)(1) and (3) of the Act, which refer to the Attorney General's determination of an application for temporary residence and her determination to terminate such temporary status. *See* 8 C.F.R. § 210.2 (1999) (entitled "Application for temporary resident status"). Therefore, once a determination *thereon* has been made, and the alien has adjusted to permanent resident status, the determination process is concluded.

This reading is consistent with the statutory provision for confidentiality of information. Pursuant to section 210(b)(6)(A) of the Act,

> [N]either the Attorney General, nor any other official or employee of the Department of Justice, or bureau or agency thereof, may—
>
> (i) use the information furnished by the applicant pursuant to an application filed under this section [i.e., an application for adjustment of status by a special agricultural worker] *for any purpose other than to make a determination* on the application, *including a determination* under subsection (a)(3)(B), or for enforcement of paragraph (7) . . . . (Emphasis added.)

We find the language employed by Congress in these sections and the implementing regulations to be clear and unequivocal. That is, the information provided by the respondent in support of his or her application for lawful temporary residence may not be used for any purpose other than to determine eligibility, *or* to terminate temporary resident status prior to the alien's adjustment of status to that of a lawful permanent resident, *or* to penalize an alien who files an application for adjustment of status and knowingly and willfully engages in conduct that amounts to falsification,

concealment, or misrepresentation, as specified in the statute.

The Service argues, however, that although the use of confidential information ordinarily would be prohibited pursuant to section 210(b)(6)(A) of the Act, the use of such evidence *is* permissible in rescission proceedings because such proceedings constitute a "later determination of ineligibility for adjustment of status." The Service contends that to hold otherwise is to accept

> that Congress intended for *temporary resident* status obtained through fraud and/or misrepresentation to be subject to termination under the provisions of § 210(a)(3) of the Act, but did not intend for *permanent resident* status to be . . . rescinded under the provisions of § 246 of the Act under the same circumstances.

According to our reading of the plain language of the statute, we find that this is exactly what Congress intended.[2]

Of course, the Service is not precluded from introducing evidence of fraud obtained from an independent source in the context of rescission proceedings. However, for purposes of the matter before us on certification, the use of information provided by the alien in connection with his initial application for lawful temporary residence is prohibited.

Were we to adopt the Service's characterization of the instant proceedings, i.e., that, in essence, they involve a redetermination of the respondent's original application and thus are exempt from the confidentiality provision in section 210 of the Act, we would have to conclude that we lack jurisdiction to determine the specific issues raised by the Service's appeal.[3] While

---

[2]The purpose of the "confidentiality provision" in section 210 of the Act was to encourage undocumented aliens to feel safe in coming forward to apply for benefits under the legalization program. Indeed, the legislative history behind the statute reinforces our understanding of Congress' intent. For example, congressional documents state as follows:

> [L]egalization programs in other countries have usually produced a low rate of participation among the eligible candidates. At least part of the reason is distrust of authority and lack of understanding among the undocumented population. The Committee hopes that by working through the voluntary agencies, the Attorney General might be able to encourage participation among undocumented aliens who fear coming forward. . . .
>
> The files and records kept by the organizations are confidential, and not accessible to the Attorney General or any other governmental entity. The applicant must consent to the application being forwarded for official processing. The confidentially [sic] of the records is meant to assure applicants that the legalization process is serious, and not a ruse to invite undocumented aliens to come forward only to be snared by the INS.

H.R. Rep. No. 99-682(I), at 73 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5649, 5677.

[3]We express no opinion as to whether "rescission under § 246 of the Act is not available to the Attorney General even if an alien adjusted status under § 210 of the Act through fraud and misrepresentation" other than in proceedings before the Immigration Judges and the Board, as asserted by the Service.

it is clear that the Attorney General has expressly conferred jurisdiction on the Immigration Judges and the Board to hear cases brought in rescission proceedings under section 246 of the Act, the regulations contain no comparable jurisdictional provision authorizing the Immigration Judges or the Board to preside over adjudications involving eligibility for temporary resident status. Specifically, the Attorney General has designated only the Service as having jurisdiction over an application for temporary resident status. *See* 8 C.F.R. § 210.2(a)(1). Similarly, the Attorney General has designated only the AAU as having jurisdiction over an adverse decision on such an application. *See* 8 C.F.R. § 210.2(f).

We emphasize that there is a distinction between the instant proceeding involving rescission of adjustment of status and an initial determination on an application for lawful temporary residence. Specifically, a rescission hearing is a proceeding in which a benefit already received is removed or rescinded. By definition, as such a proceeding can take place only after adjustment of status has been granted, it is not a determination or even a redetermination on the original application. Moreover, in contrast to the express provision allowing the Service to terminate temporary resident status during the 1-year period before an alien's status is adjusted to that of a lawful permanent resident, there is no statutory authority for terminating or rescinding lawful permanent resident status based on information originally provided by the alien once his status has been adjusted. *Cf.* Section 210(a)(3)(B)(i) of the Act.

Section 210(b)(6)(A) of the Act clearly limits the use of information submitted by an applicant in connection with an original determination of eligiblity for temporary resident status. Furthermore, as stated above, the regulations do not authorize the Board to redetermine eligiblity, or to consider evidence obtained in connection with the original application for temporary resident status, in the context of proceedings to rescind adjustment of status under section 210 of the Act.


## IV. CONCLUSION

In light of the foregoing, we hold that we clearly have jurisdiction over the respondent's rescission proceedings pursuant to section 246 of the Act. Furthermore, we find that the Immigration Judge properly determined that the use of confidential information, such as that sought to be submitted by the Service in the instant case, is prohibited in rescission proceedings, or for any purpose other than to make a determination on an application for lawful temporary residence, to terminate such temporary residence, or to prosecute an alien for fraud during the time of application. Consequently, because the Service did not present any evidence that would be admissible to establish that the respondent's status should be rescinded, we conclude

that termination of the proceedings was warranted.

**ORDER:** The decision of the Immigration Judge terminating proceedings is affirmed.

Vice Chairman Lori L. Scialabba did not participate in the decision in this case.

*CONCURRING OPINION:* David B. Holmes, Board Member, in which Lauri Steven Filppu, Philemina M. Jones, and Anthony C. Moscato, Board Members, joined

I respectfully concur. I find that the Immigration Judge properly terminated the rescission proceedings brought against the respondent under the provisions of section 246(a) of the Immigration and Nationality Act, 8 U.S.C. § 1256(a) (Supp. II 1996), but I reach that conclusion on a different basis from that of the majority.

In addition to the evidentiary issue addressed by the Immigration Judge and the majority, this case presents the broader question whether a grant of lawful permanent residence under the provisions of section 210(a)(2) of the Act, 8 U.S.C. § 1160(a)(2) (1988 & Supp. II 1990), can ever be rescinded under the provisions of section 246(a), except perhaps under the limited circumstances where: (1) an alien whose status was adjusted under section 210(a)(2) had *never* actually been granted lawful temporary resident status under the provisions of section 210(a)(1); or (2) an alien had been granted such status, but it had been terminated under the provisions of section 210(a)(3) of the Act *before* the alien became eligible for adjustment of status under section 210(a)(2); or (3) the adjustment occurred in violation of the time schedule set out in section 210(a)(2). Given the relevant statutory and regulatory provisions, I do not find that this respondent's grant of lawful permanent residence under the provisions of section 210(a)(2) can be rescinded under the provisions of section 246(a).[1]

In this regard, I note that section 246(a) of the Act cannot be used to rescind a grant of lawful *temporary* resident status. Moreover, adjustment to permanent residence under section 210(a)(2) is unusual in that it involves

---

[1]In *Matter of Jimenez-Lopez*, 20 I&N Dec. 738, 739-40 (BIA 1993), the Service argued that it was without authority to rescind the alien's status after adjustment under section 210(a)(2)(B) of the Act. The Service has now withdrawn from this position. I note, however, that the implementing regulations pertaining to applications for adjustment of status under section 210 of the Act make no reference to rescission, unlike the regulations at 8 C.F.R. § 245a.3(o) (1999), which specifically provide that "[r]escission of adjustment of status under section 245a shall occur under the guidelines established in section 246 of the Act." Given the many parallel provisions in the regulations implementing section 210 and section 245A of the Act, 8 U.S.C. § 1255a (1994 & Supp. II 1996), it is difficult to conclude that this omission was simply a matter of oversight.

no separate application process and includes no provision requiring a showing of admissibility at the time of adjustment to permanent resident status. Rather, under section 210(a)(1)(C) of the Act, the determination of the alien's admissibility is made at the time of adjustment to the status of a lawful *temporary* resident. *See also* section 210(c)(2) of the Act (regarding waivers of certain grounds of admissibility in the determination of the alien's admissibility under section 210(a)(1)(C)). Thereafter, section 210(a)(2) mandates the adjustment of status of an alien who has been granted lawful temporary resident status under the provisions of section 210(a)(1) to that of an alien lawfully admitted for permanent residence on the basis of a fixed schedule, without further reference to the alien's admissibility. *See Matter of Juarez*, 20 I&N Dec. 340, 345 (BIA 1991); *see also Matter of Jimenez-Lopez*, 20 I&N Dec. 738, 742 (BIA 1993).

In the case before us, the respondent had been granted lawful temporary resident status under section 210(a)(1) of the Act, and that status had not been terminated before the date for adjustment specified in section 210(a)(2). *See* section 210(a)(3) of the Act (regarding termination of temporary residence); *see also* 8 C.F.R. § 210.4(d)(3)(ii) (1999) (providing that "[t]ermination proceedings must be commenced before the alien becomes eligible for adjustment of status under § 210.5 of this part"). There was no statutory requirement that the respondent demonstrate admissibility at the time of his adjustment to permanent resident status. Under such circumstances, rescission proceedings were properly terminated in this case, without regard to the evidentiary issue addressed by the Immigration Judge and the Board, because the respondent met the only statutory requirements for adjustment to permanent residence at the time his status was adjusted under section 210(a)(2) of the Act.[2]

---

[2]The Act and regulations provide that fraud in the special agricultural worker application process can be addressed by termination of temporary residence before the alien becomes eligible for adjustment of status or by referral for criminal prosecution. *See* sections 210(a)(3)(B)(i), (b)(7) of the Act; 8 C.F.R. §§ 210.2(e)(4), 210.4(d) (1999). Under section 210(b)(7)(B) of the Act, an alien convicted of a crime under section 210(b)(7)(A) is "considered to be inadmissible to the United States on the ground described in section 212(a)(6)(C)(i)."