# Matter of Jesus Ricardo VILLALOBOS, Respondent

*Decided March 10, 2016*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Although the Department of Homeland Security has exclusive jurisdiction over applications for adjustment of status under the legalization provisions of section 245A of the Immigration and Nationality Act, 8 U.S.C. § 1255a (2012), the Immigration Judges and the Board of Immigration Appeals have jurisdiction to determine whether an alien was eligible for a previous adjustment under section 245A(b)(1) for purposes of assessing the alien's removability and current eligibility for relief from removal.

(2) An alien seeking to acquire lawful permanent resident status through the legalization provisions of section 245A of the Act must establish admissibility, both at the time of the initial application for temporary resident status and again when applying for adjustment to permanent resident status under section 245A(b)(1).

(3) An alien who was inadmissible at the time of adjustment of status from temporary resident to permanent resident under section 245A(b)(1) of the Act was not lawfully admitted for permanent residence and is therefore ineligible for a waiver of inadmissibility under former section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994).

FOR RESPONDENT: Danielle M. Claffey, Esquire, Atlanta, Georgia

FOR THE DEPARTMENT OF HOMELAND SECURITY: Elena Albamonte, Deputy Chief Counsel

BEFORE: Board Panel: PAULEY, WENDTLAND, and GREER, Board Members.

GREER, Board Member:

This case addresses the question of our jurisdiction to determine whether an alien was eligible for a previous grant of adjustment of status under the legalization provisions of section 245A(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1255a(b)(1) (2012), for purposes of assessing the alien's removability and current eligibility for relief from removal. We hold that we have such jurisdiction.

In a decision dated January 18, 2011, an Immigration Judge found the respondent removable on his own admissions under sections 237(a)(2)(A)(i) and (B)(i) of the Act, 8 U.S.C. §§ 1227(a)(2)(A)(i) and (B)(i) (2006), as an alien convicted of a crime involving moral turpitude and a controlled substance violation. He further found the respondent

removable under section 237(a)(1)(A) of the Act as an alien who was inadmissible at the time of his adjustment of status under section 245A(b)(1) of the Act. Concluding that the respondent had not been lawfully admitted for permanent residence, the Immigration Judge denied his request for a waiver under former section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994), and ordered him removed. The respondent has appealed from that decision.[1] The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who entered the United States without inspection on December 15, 1979. On May 1, 1988, he was admitted to the United States as a temporary resident pursuant to section 245A(a) of the Act. After receiving his temporary resident status, the respondent was convicted of the following offenses in Florida: possession of cocaine on February 11, 1991; counterfeit or altered lottery tickets on April 19, 1991; possession of cocaine on May 29, 1991; and possession and sale, purchase, or delivery of cocaine on November 3, 1992. Subsequent to his 1991 convictions, the respondent adjusted his status to that of a permanent resident under section 245A(b)(1) of the Act on November 11, 1991.

The respondent's criminal record came to light when he applied for a replacement resident alien card. The Department of Homeland Security ("DHS") served the respondent with a notice to appear on October 2, 2007, charging him with removability under sections 237(a)(2)(A)(i) and (B)(i) of the Act on the basis of his convictions.[2] On May 16, 2008, the DHS lodged an additional charge under section 237(a)(1)(A), asserting that at the time of his adjustment of status, the respondent was inadmissible under section 212(a)(2)(A)(i)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(II) (2006), because he had been convicted of a controlled substance violation. The respondent conceded the charges in the notice to appear but denied the lodged charge, arguing that he was lawfully admitted for permanent residence as of the date he was granted lawful temporary resident status in

---

[1]    Following the respondent's appeal, we requested supplemental briefs from the parties to address the jurisdictional issue. Both parties submitted supplemental briefs, which have been considered in adjudicating this appeal.

[2]    Information regarding the respondent's convictions was obtained independently of his legalization application, so the confidentiality provisions at section 245A(c)(5)(A) of the Act, which prohibit the use in removal proceedings of information furnished in a legalization application, are not at issue here. *See* 8 C.F.R. § 245a.2(t) (2015). In any case, the respondent does not allege that the Immigration Judge violated these provisions by relying on the contents of the legalization application.

1988, rather than in 1991 when his status was adjusted under section 245A(b)(1).[3]   As relief from removal, he applied for a waiver of inadmissibility under former section 212(c) of the Act.

The Immigration Judge found that the respondent was removable on all of the charges and that he was ineligible for a waiver under former section 212(c) of the Act.  Specifically, he concluded that the respondent was removable under section 237(a)(1)(A) because at the time his status was adjusted from that of temporary resident to permanent resident under section 245A(b)(1), he was inadmissible under section 212(a)(2)(A)(i)(II) as a result of his convictions for controlled substance violations.  Since the respondent could not establish that he was admissible or that his inadmissibility could have been waived, the Immigration Judge held that the respondent was ineligible to adjust under sections 245A(b)(1)(C)(i) and (d)(2)(B)(ii)(I) of the Act when he was granted permanent resident status.  The Immigration Judge further held that because the respondent adjusted his status without satisfying the substantive requirements of the law, he was never lawfully admitted for permanent residence and is therefore ineligible for a waiver under former section 212(c) of the Act.

## II.  ISSUES

Because the DHS has exclusive jurisdiction over applications for adjustment of status filed under section 245A of the Act, we must first decide whether we and the Immigration Judges have jurisdiction to determine whether an alien was eligible for a previous adjustment under section 245A(b)(1) of the Act for purposes of assessing his removability and current eligibility for relief.

If we do have jurisdiction, we must then decide whether the respondent is removable under section 237(a)(1)(A) of the Act as an alien who was inadmissible at the time of his section 245A(b)(1) adjustment.  If the respondent was inadmissible when he adjusted his status to that of a permanent resident, we must determine if the Immigration Judge properly denied his application for section 212(c) relief.

---

[3]   The respondent argued on appeal that a transcript of the hearing was needed to establish that he had contested the lodged charge under section 237(a)(1)(A) of the Act. On July 17, 2014, we remanded the record to the Immigration Judge for the preparation of a full transcript of the proceedings.  The Immigration Judge issued a decision on July 13, 2015, stating that there was no transcript because his prior decision was based on the parties' briefs, and he certified the case to the Board.  During the remanded proceedings, the respondent did not argue that any further hearing was warranted, and we conclude that the record is now complete for appellate review.

## III. ANALYSIS

### A. Jurisdiction

The respondent argues that because the DHS has exclusive jurisdiction over section 245A adjustment applications, the Immigration Judges and the Board lack jurisdiction in removal proceedings to determine whether his adjustment of status under section 245A(b)(1) of the Act was lawful. In response, the DHS contends that once removal proceedings have been initiated, the Immigration Judge has jurisdiction to conduct the proceedings to determine the respondent's removability and eligibility for relief from removal. According to the DHS, an alien's section 245A adjustment could otherwise never be challenged in removal proceedings.

Both section 245A of the Act and its implementing regulations give the DHS exclusive jurisdiction over adjustment applications filed under that section. *See* section 245A(f) of the Act; 8 C.F.R. §§ 245a.2(e)(1), (p), 245a.3(d)(1), (j) (2015). However, the statute and regulations also make clear that the Immigration Judges and the Board have jurisdiction to determine an alien's removability once proceedings have commenced. *See* sections 240(a)(1), (c)(1)(A) of the Act, 8 U.S.C. §§ 1229a(a)(1), (c)(1)(A) (2012); 8 C.F.R. §§ 1003.1(b)(3), 1240.1(a)(1)(i) (2015).

We conclude that the limitations in section 245A do not bar us from deciding whether the respondent is removable under section 237(a)(1)(A) of the Act as an alien who was inadmissible at the time he adjusted status under section 245A(b)(1) of the Act.[4] *See Matter of Singh*, 21 I&N Dec. 427, 435 (BIA 1996) (stating in exclusion proceedings involving a section 245A applicant that "[a]s long as the [DHS] chooses to prosecute the applicant's proceedings to a conclusion, the Immigration Judges and this Board must order the applicant excluded and deported if the evidence supports such a finding"); *cf. Matter of Masri*, 22 I&N Dec. 1145, 1149 (BIA 1999) (holding that Immigration Judges and the Board have jurisdiction over proceedings to rescind an alien's adjustment of status that was granted pursuant to the special agricultural worker provisions of section 210 of the Act, 8 U.S.C. § 1160 (1994), from that of temporary resident to permanent resident).

---

[4] We agree with the DHS that the regulations regarding protection from removal at 8 C.F.R. § 245a.34(a)(1) (2015) do not apply to aliens, like the respondent, who applied for adjustment of status under section 245A of the Act, so those provisions have no bearing on our jurisdiction in this case.

B.  Removability

The respondent argues that even if we have jurisdiction in these proceedings to determine whether his adjustment under section 245A of the Act was lawful, the charge under section 237(a)(1)(A) that he was inadmissible at the time of admission cannot be sustained.  He asserts that he should be considered to have been lawfully admitted for permanent residence as of the date he was granted *temporary* resident status in 1988, *prior* to his 1991 drug convictions, rather than on November 11, 1991, when his status was adjusted to that of a permanent resident.

In support of his contentions, the respondent relies on *Perez-Enriquez v. Gonzales*, 463 F.3d 1007 (9th Cir. 2006), where the United States Court of Appeals for the Ninth Circuit held that the admissibility of an agricultural worker who was granted temporary resident status under section 210(a)(1) of the Act is determined as of the date of his admission for lawful temporary residence and is not redetermined upon his automatic adjustment to lawful permanent resident status under section 210(a)(2).  *Id.* at 1008, 1015 (citing *Matter of Jimenez-Lopez*, 20 I&N Dec. 738, 742 (BIA 1993) (distinguishing the mechanism for adjustment of status under section 210(a)(2) as "unique under the immigration laws" because it accords lawful permanent resident status "on the basis of a fixed schedule, without regard for the alien's admissibility at that time")).

However, the respondent's circumstances are distinguishable from those in *Perez-Enriquez.*  His adjustment of status from that of temporary resident to permanent resident is governed by the legalization provisions of section 245A of the Act.  Those provisions require an applicant to file two applications—one to acquire temporary resident status and a subsequent application to adjust his status to that of a permanent resident.

First, the alien must apply for temporary resident status pursuant to 8 C.F.R. § 245a.2(e)(1), which requires that the application be filed on Form I-687 (Application for Status as a Temporary Resident Under Section 245A of the INA).  To be eligible for temporary resident status, the applicant must demonstrate that he satisfies the requirements of section 245A(a), including establishing that he "is admissible to the United States as an immigrant."  Section 245A(a)(4)(A) of the Act.

After the required statutory period of temporary residence has elapsed, the alien can apply for adjustment to permanent resident status.  *See* section 245A(b)(1)(A) of the Act; 8 C.F.R. § 245a.3(a).  That application must be filed on Form I-698 (Application to Adjust Status From Temporary to Permanent Resident (Under Section 245A of the INA)).  8 C.F.R. § 245a.3(d)(1).  The applicant must demonstrate that he satisfies the requirements of section 245A(b)(1)(C)(i) of the Act, which again includes

establishing that he "is admissible to the United States as an immigrant." *See Matter of Rosas*, 22 I&N Dec. 616, 618 n.1 (BIA 1999) (noting that adjustment of status under section 245A "occurs only after the alien has applied for adjustment and demonstrated" that he or she is admissible); *see also* 8 C.F.R. § 245a.3(c)(2) (providing that an alien who is inadmissible is ineligible to adjust his status under section 245A).

Both the plain language of section 245A(b)(1) of the Act and its implementing regulations provide that adjustment from temporary to permanent resident status requires another application on a different form. These provisions make clear that an applicant must establish admissibility, not only to initially become a temporary resident, but also to adjust status to that of a permanent resident. This two-step process of legalization under section 245A is distinguishable from adjustment of status under section 210(a)(2) of the Act, which is automatic and requires no additional determination of admissibility. We therefore conclude that an alien seeking to acquire lawful permanent resident status through the legalization provisions of section 245A must establish admissibility at the time of adjustment of status under section 245A(b)(1). Section 245A(b)(1)(C)(i) of the Act; 8 C.F.R. § 245a.3(c)(2).

The respondent was convicted of cocaine possession in February and May of 1991 and subsequently adjusted his status to that of a permanent resident under section 245A(b)(1) of the Act on November 11, 1991. He was therefore inadmissible under section 212(a)(2)(A)(i)(II) at the time of his adjustment and is removable under section 237(a)(1)(A) of the Act. *See* section 245A(d)(2)(B)(ii) of the Act (stating the grounds of inadmissibility that may not be waived to establish eligibility for section 245A(b)(1) adjustment of status); 8 C.F.R. § 245a.3(g)(3) (same).[5]

### C. Relief from Removal

The respondent bears the burden of proof to establish his eligibility for a waiver of inadmissibility under former section 212(c) of the Act. *See* section 240(c)(4)(A) of the Act. It is well established that only aliens who have been *lawfully* admitted for permanent residence are entitled to section 212(c) relief. *See Savoury v. U.S. Att'y Gen.*, 449 F.3d 1307, 1313−17 (11th Cir. 2006) (holding that an alien whose status was adjusted by mistake was not eligible for section 212(c) relief because he did not

---

[5] We note that 8 C.F.R. § 245a.3(g)(3)(iii) provides that inadmissibility for a controlled substance violation under former section 212(a)(23) of the Act cannot be waived unless it was for a single offense of simple possession of 30 grams or less of marijuana. That ground of inadmissibility is currently at section 212(a)(2)(A)(i)(II) of the Act.

"lawfully" acquire permanent resident status); *see also, e.g.*, *De La Rosa v. U.S. Dep't of Homeland Sec.*, 489 F.3d 551, 553, 555 (2d Cir. 2007) (holding that section 212(c) relief was properly denied because "an alien is only 'lawfully admitted for permanent residence' for purposes of the [Act] if his or her adjustment to lawful permanent resident complied with substantive legal requirements"); *Arellano-Garcia v. Gonzales*, 429 F.3d 1183, 1187 (8th Cir. 2005) (holding that an alien whose adjustment was unlawful was not "lawfully admitted for permanent residence" for purposes of section 212(c) eligibility); *Monet v. INS*, 791 F.2d 752, 753−55 (9th Cir. 1986) (holding that the alien was ineligible for section 212(c) relief because he concealed a drug conviction when he adjusted his status and therefore was not lawfully admitted); *Matter of Abdelghany*, 26 I&N Dec. 254, 259 n.8 (BIA 2014) (noting that section 212(c) relief is unavailable to aliens who "obtained lawful permanent resident status by fraud or who otherwise lacked entitlement to it"); *cf. Matter of Koloamatangi*, 23 I&N Dec. 548, 551 (BIA 2003) (holding that an alien was ineligible for cancellation of removal for lawful permanent residents because he was "deemed, ab initio, never to have obtained lawful permanent resident status once his original ineligibility therefor [was] determined in [removal] proceedings").

Because the respondent's convictions rendered him inadmissible at the time of his 1991 adjustment, he was not eligible to adjust his status. Therefore, since the respondent was never "lawfully" accorded permanent resident status, he is not eligible for a waiver of inadmissibility under former section 212(c) of the Act.[6] Consequently, the Immigration Judge properly denied his request for a waiver.

## IV. CONCLUSION

The DHS established that the respondent is removable under section 237(a)(1)(A) of the Act because he was inadmissible under section 212(a)(2)(A)(i)(II) at the time of his section 245A(b)(1) adjustment of status. Since the respondent was inadmissible when his status was adjusted from that of temporary resident to permanent resident, he was never lawfully admitted for permanent residence. He is therefore ineligible for a waiver of inadmissibility under former section 212(c) of the Act. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[6] We are unpersuaded by the respondent's reliance on *Matter of Cazares*, 21 I&N Dec. 188 (BIA 1996, 1997; A.G. 1997), which related to the alien's acquisition of the required period of "domicile," not the lawfulness of his admission for permanent residence.