# Matter of F-P-R-, Respondent

*Decided November 5, 2008*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

For purposes of determining if an alien's application for asylum was timely filed within 1 year of arrival in the United States pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1158(a)(2)(B) (2006), the term "last arrival" in 8 C.F.R. § 1208.4(a)(2)(ii) (2008) refers to the alien's most recent arrival in the United States from a trip abroad.

FOR RESPONDENT: Judith A. Marty, Esquire, Fullerton, California

BEFORE: Board Panel: FILPPU, PAULEY, and HESS, Board Members.

PAULEY, Board Member:

In a decision dated February 6, 2007, an Immigration Judge granted the respondent's application for withholding of removal under section 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3) (2006), but pretermitted his application for asylum as time barred under section 208(a)(2)(B) of the Act, 8 U.S.C. § 1158(a)(2)(B) (2006), and 8 C.F.R. § 1208.4(a)(2)(ii) (2008) because of his failure to file an Application for Asylum and for Withholding of Removal (Form I-589) within 1 year of his "last arrival" in the United States. The respondent has appealed from that decision. The appeal will be sustained.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who initially arrived in the United States in 1983 without inspection. Later that year he returned to Mexico, where he stayed until returning without inspection to the United States in 1989. The respondent remained in the United States without lawful status until he returned to Mexico on June 17, 2005, to attend the funeral of his stepfather. Most recently, he came to the United States on July 20, 2005, when he was apprehended near the southern border and was

placed in removal proceedings.[1]  The respondent subsequently conceded that he is removable as charged, and he filed an application for asylum and related relief with the Immigration Judge on February 8, 2006.

The Immigration Judge received evidence, mainly consisting of the respondent's testimony, at the stipulated merits hearings held on July 6, and July 25, 2006, in accordance with *Grava v. INS*, 205 F.3d 1177, 1180-81 (9th Cir. 2000).  After giving the parties a final opportunity to submit briefs on the issues of the respondent's eligibility for asylum and withholding of removal, the Immigration Judge issued an oral decision granting the respondent's application for withholding of removal, but finding him ineligible for asylum as a result of his failure to file the Form I-589 within 1 year of his "last arrival" in the United States, as required by 8 C.F.R. § 1208.4(a)(2)(ii).

With respect to the 1-year filing deadline, the Immigration Judge stated that "applicants should not be able to reset the asylum clock by taking a short excursion abroad," and that "such an interpretation would undermine the [1-year] deadline's clear purpose of focusing the asylum process on those who have recently fled persecution in their home countries."  Thus, the Immigration Judge calculated the respondent's 1-year period of eligibility to apply for asylum from his second arrival in the United States in 1989 instead of his most recent coming to this country on July 20, 2005.  In the absence of any controlling decisions on the issue from either the United States Court of Appeals for the Ninth Circuit or the Board, the Immigration Judge substantially adopted the rationale set forth by the Second Circuit in *Joaquin-Porras v. Gonzales*, 435 F.3d 172 (2d Cir. 2006).  On March 5, 2006, the respondent filed a timely appeal challenging the Immigration Judge's adverse asylum eligibility determination.  The Department of Homeland Security has not filed a brief on appeal.

---

[1] We note that the respondent's Form I-589 reflects that he arrived in the United States twice in July 2005, the first time on July 15 and the second on July 20, 2005.  However, because we do not conduct fact-finding on appeal and we do not deem the Immigration Judge's findings of fact to be clearly erroneous, we have based our decision on the facts as determined by the Immigration Judge.  *See* 8 C.F.R. § 1003.1(d)(3)(i), (iv) (2008); *see also Matter of S-H-*, 23 I&N Dec. 462 (BIA 2002) (stating that under new regulations the Board has limited fact-finding ability on appeal, which heightens the need for Immigration Judges to include in their decisions clear and complete findings of fact that are supported by the record and are in compliance with controlling law); *Matter of Fedorenko*, 19 I&N Dec. 57, 74 (BIA 1984) ("[A]ll evidence which is pertinent to determinations made during deportation proceedings . . . must be adduced in the hearing before the immigration judge.  The Board is an appellate body whose function is to review, not to create, a record." (footnote omitted)).

## II. ISSUE

On appeal we must determine the meaning of the phrase "last arrival" in the 8 C.F.R. § 1208.4(a)(2)(ii), which governs an alien's statutory burden of proving by clear and convincing evidence that he filed an application for asylum within 1 year after the date of his arrival in the United States under section 208(a)(2)(B) of the Act. Specifically, the regulation provides in pertinent part that "[t]he 1-year period shall be calculated from the date of the alien's last arrival in the United States or April 1, 1997, whichever is later."

## III. ANALYSIS

When construing the Attorney General's regulations, we abide by the canons of construction that generally apply to the interpretation of statutory texts. *See Matter of Artigas*, 23 I&N Dec. 99, 100 (BIA 2001) (citing *Matter of Masri*, 22 I&N Dec. 1145, 1148 (BIA 1999)). We recognized in *Matter of Artigas* that "there is 'no more persuasive evidence of the purpose of a [regulation] than the words by which the [Attorney General] undertook to give expression to [her] wishes.'" *Id.* (quoting *Perry v. Commerce Loan Co.*, 383 U.S. 392, 400 (1966)). Furthermore, the Board and the Immigration Judges, which are the adjudicative bodies within the Executive Office for Immigration Review, "'must give effect to the unambiguously expressed intent' of the Attorney General." *Id.* (quoting *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984)); *see also Matter of W-F-*, 21 I&N Dec. 503, 506 (BIA 1996).

Accordingly, in ascertaining executive intent, we look to the ordinary meaning of the words used in the regulation. *Cf. Matter of Rodriguez-Rodriguez*, 22 I&N Dec. 991, 993 (BIA 1999) (citing *INS v. Phinpathya*, 464 U.S. 183, 189 (1984)). "Arrival" is defined as the "act of arriving," and "arrive" is defined as "to come to a certain point in the course of travel; reach one's destination" and "to come to a place after traveling." *The Random House Dictionary of the English Language* 83 (unabridged ed. 1973). "Last" is defined as "occurring or coming after all others, as in time, order, or place" and "most recent, next before the present, latest." *Id.* at 809.

These definitions make clear that the words "last arrival" refer to an alien's most recent coming or crossing into the United States after having traveled from somewhere outside of the country. Thus, we conclude that for purposes of calculating the period of time between the alien's arrival in the United States and the date on which an application for asylum was filed pursuant to section 208(a)(2)(B) of the Act, the term "last arrival" referred to in the regulation should, subject to a possible narrow exception discussed subsequently, be given its natural and literal meaning, i.e., the alien's most

recent arrival in the United States from a trip abroad. *See Matter of Pierre*, 14 I&N Dec. 467, 468 (BIA 1973) (setting forth a four-pronged definition of the term "entry" under former section 101(a)(13) of the Act, 8 U.S.C. § 1101(a)(13) (1970)). This construction of the phrase "last arrival" is consistent with our previous treatment of the concept of "arrival" in the context of the 1-year filing deadline for asylum applications in *Matter of Y-C-*, 23 I&N Dec. 286 (BIA 2002), where we recognized that an unaccompanied minor who entered the United States without inspection had effected an "arrival" for purposes of calculating the 1-year filing period.

Moreover, the regulation states that the 1-year filing period "*shall be* calculated from the date of the alien's last arrival." 8 C.F.R. § 1208.4(a)(2)(ii) (emphasis added). Accordingly, the identification and use of the date of the alien's last arrival in the United States for purposes of calculating the 1-year filing period is mandatory, not discretionary or conditional. *See Alabama v. Bozeman*, 533 U.S. 146, 153 (2001) ("'The word "shall" is ordinarily "the language of command."'" (quoting *Anderson v. Yungkau*, 329 U.S. 482, 485 (1947) (quoting *Escoe v. Zerbst*, 295 U.S. 490, 493 (1935))); *accord Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) (citing *Anderson v. Yungkau*, *supra*). Here, the Immigration Judge erred as a matter of law when he calculated the 1-year filing period on the basis of the respondent's prior arrival in the United States in 1989 instead of the respondent's last arrival on July 20, 2005.

In rendering his decision, the Immigration Judge relied on *Joaquin-Porras v. Gonzales*, *supra*, the only published decision to date from the courts of appeals construing the term "last arrival." In that case the Second Circuit held that "the term 'last arrival in the United States' should not be read to include an alien's return to the United States after a brief trip abroad pursuant to a parole explicitly permitted by United States immigration authorities." *Id.* at 179. While noting that this interpretation "seemed to disregard the words of the applicable regulation," the court ultimately concluded that this selective manner of interpreting "last arrival" "best accords with the purpose of the statute as a whole." *Id.* The Second Circuit based its conclusion principally on a survey of the legislative history behind the rewriting of section 208 of the Act by section 604(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-690 ("IIRIRA"). *Id.* at 179-80.

We disagree with *Joaquin-Porras v. Gonzales* in that we discern no basis for construing the regulation as not taking into account entries that occurred after brief absences from the United States. *Cf. Matter of Collado*, 21 I&N Dec. 1061 (BIA 1998) (noting the demise of the so-called "*Fleuti* doctrine" as a result of the enactment of the IIRIRA). Whatever might be the policy advantages of the construction adopted by the Second Circuit, and whether or

not the *legislative* history invoked by the Second Circuit represents an accurate recapitulation of Congress's intent when it enacted the 1-year filing period in 1996, that legislative history provides no direct insight into the Attorney General's intent in promulgating the clear regulatory text through which he implemented his delegated authority to administer, interpret, and enforce the 1-year filing period. Instead, the relevant entries in the Federal Register constitute the regulatory history underlying the final promulgation of 8 C.F.R. § 1208.4(a)(2)(ii). In this regard, we observe that the term "last arrival" initially appeared in the proposed rule published in the Federal Register on January 3, 1997, and was subsequently retained without comment or amendment in the subsequent interim rule published on March 6, 1997, and in the final rule published on December 6, 2000. *See* Asylum Procedures, 65 Fed. Reg. 76,121, 72,123 (Dec. 6, 2000); Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10,312, 10,316 (Mar. 6, 1997) and 62 Fed. Reg. 444, 463 (Jan. 3, 1997) (Supplementary Information). Thus, the regulatory history does not amplify the meaning of the phrase "last arrival" conveyed through the ordinary meaning of the words in the regulation.

We understand the concern that appears to underlie the Second Circuit's decision in *Joaquin-Porras v. Gonzales*, *supra*. Indeed, a literal construction of the term "last arrival" may have the potential to permit certain aliens to defeat the purpose of the 1-year asylum filing deadline by making a brief trip abroad for the sole or principal purpose of evading the time bar and resuscitating the ability to seek asylum. However, it is not disputed that the respondent's trip, although brief, was for the legitimate purpose of attending a relative's funeral. Thus, we need not here examine whether the regulation should be read to embody an implicit exception in a case where it is found that an alien's trip abroad was solely or principally *intended* to overcome the 1-year time bar.[2]

In light of the above, we will remand the record of proceedings to the Immigration Judge. Inasmuch as the Immigration Judge determined that the respondent has met his burden of proof for withholding of removal under section 241(b)(3) of the Act, it necessarily follows that he has met his burden of proof for asylum under section 208(a). *Compare INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987), *with INS v. Stevic*, 467 U.S. 407 (1984). Thus, the purpose of our remand is limited to determining whether the respondent merits asylum in the exercise of discretion, as the Immigration Judge did not make

---

[2] In *Matter of Collado*, *supra*, we observed that the Supreme Court's decision in *Rosenberg v. Fleuti*, 374 U.S. 449 (1963), was based on the fact that the definition of "entry" then in force included the term "intended" such as to support an exception for departures whose purpose was brief, casual, and innocent.

any findings in this aspect.  *See generally Matter of Pula*, 19 I&N Dec. 467, 473-75 (BIA 1987) (setting forth factors relevant to a discretionary analysis of an asylum claim).  Accordingly, the respondent's appeal will be sustained and the record will be remanded.

   **ORDER:**  The respondent's appeal is sustained.

   **FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.