
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSANA ELIZABETH PINHAS, AKA Marta Barrios Corrales, AKA Marta Susana Pinhas, AKA Susanna Elizabeth Tello Davilla, | No. 08-71955 |
| | Agency No. A098-445-277 |
| Petitioner, | MEMORANDUM* |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued December 4, 2012; Submitted June 19, 2013
Pasadena, California

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

Elizabeth Pinhas, a native and citizen of Peru, petitions for review of the

decision of the Board of Immigration Appeals (BIA) denying her petition for

asylum and vacating the Immigration Judge's (IJ) order granting withholding of

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we grant the petition for review.

Although the BIA initially concluded that Pinhas was ineligible for asylum because her petition was untimely, the Government now concedes that the application was timely in light of an intervening precedential BIA decision, *Matter of F-P-R-*, 24 I & N Dec. 681, 683 (BIA 2008).

Both the BIA and the IJ erred by failing to "'state [their] reasons and show proper consideration of all factors'" in denying Pinhas relief in the form of asylum as a matter of discretion. *Gulla v. Gonzales*, 498 F.3d 911 (9th Cir. 2007) (quoting *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004)). The IJ concluded that Pinhas was statutorily eligible for asylum except for the time-barred application, but alternatively denied her asylum as a matter of discretion based on her use of fraudulent documents to travel between the United States and Peru and to obtain United States citizenship for her husband. The BIA summarily concluded that the IJ "did not fail to weigh all the factors" in denying relief. However, the IJ failed to consider *any* factors other than the use of the fraudulent documents. The IJ made an express finding that Pinhas's testimony was credible. Pinhas testified that she fled Peru, using a valid visa, because narcotics traffickers threatened her for voluntarily aiding the United States Drug Enforcement Agency in its efforts to

2

combat narcotics trafficking by supplying an agent with logs of incoming and outgoing calls among specified phone numbers from the cell phone company where she worked. The agent also helped her obtain a passport and a visitor's visa at the U.S. Embassy. While in the United States, Pinhas learned that her mother was still receiving anonymous phone calls that Pinhas believed were from the narcotics traffickers. Although Pinhas feared returning to Peru, her father became a "high risk" patient due to heart disease and diabetes. Wanting to visit her father, she was afraid to travel with her own identification because the narcotics traffickers had associates in customs who would alert the traffickers to her return, and she was afraid that she would be killed. She traveled with the fraudulent documents to Peru three times, twice while her father's illness worsened, and then to his funeral Since arriving in the United States, Pinhas has been consistently employed and promoted. The IJ considered none of these factors in its discretionary denial of asylum.

Although the IJ granted Pinhas's claim for withholding of removal, the BIA reversed in part because it believed that "[a]ssistance in opposition to criminal elements is not a political opinion and collaborators with the DEA do not form a social group." The BIA did not have the benefit of subsequent Ninth Circuit authority that has addressed the BIA's treatment of analogous social groups. *See*

3

*Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc) (clarifying the "social visibility" and "particularity" inquiries in the context of the social group of witnesses who testified against gang members); *Tapia-Madrigal v. Holder*, No. 10-73700, 2013 WL 1983882 (9th Cir. May 15, 2013) (holding that if the BIA concluded that the Los Zetas drug cartel was responsible for persecution, the record compelled the conclusion that petitioner's membership in the particular social group of "former Mexican army soldiers who participated in anti-drug activity" was a central reason for his persecution).

For the foregoing reasons, we remand to the BIA to reconsider Pinhas's asylum and withholding of removal claims

The petition for review is **GRANTED; REMANDED.**