# Matter of Eugene Reagan OTIENDE, Beneficiary of a visa petition filed by Todd Corley Dunn, Petitioner

*Decided June 4, 2013*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

  Although a visa petition filed by a petitioner for a spouse may be subject to denial under section 204(c) of the Immigration and Nationality Act, 8 U.S.C. § 1154(c) (2006), based on the spouse's prior marriage, that section does not prevent the approval of a petition filed on behalf of the spouse's child, which must be considered on its merits to determine whether the child qualifies as the petitioner's "stepchild" under the Act.

FOR RESPONDENT:  Michael W. Canton, Esquire, Dallas, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY:    Allen Reid Tilson, Associate Regional Counsel

BEFORE:   Board Panel:   NEAL, Chairman; ADKINS-BLANCH, Vice Chairman; MANUEL, Temporary Board Member.

MANUEL, Temporary, Board Member:

In a decision dated May 29, 2009, the Field Office Director ("Director") denied the visa petition filed by the United States citizen petitioner on behalf of the beneficiary to accord him immediate relative status as his stepchild under section 201(b)(2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b)(2)(A)(i) (2006).   The petitioner has appealed from that decision.   The appeal will be sustained, and the record will be remanded to the Director.

The record reflects that the petitioner married the beneficiary's mother on October 27, 2006.   In June 2007, he filed visa petitions on behalf of the beneficiary's mother as his wife and the beneficiary as his stepson.   The beneficiary's mother had a prior marriage, and the Director stated in the decision that a previous petition for her had been denied pursuant to section 204(c) of the Act, 8 U.S.C. § 1154(c) (2006).   The Director then indicated that because the petitioner's petition for the beneficiary's mother had been denied, his stepparent relationship to the beneficiary was no longer valid. The Director therefore denied the visa petition that the petitioner had filed on behalf of the beneficiary.

At issue in this case is whether the visa petition filed by the petitioner on behalf of his stepson was properly denied based on an application of section 204(c) of the Act.[1]

Pursuant to 8 C.F.R. § 1003.1(d)(3)(iii) (2013), all questions arising in appeals from a decision of the Director are reviewed de novo. In visa petition proceedings, it is the petitioner's burden to establish eligibility for the immigration benefit sought. *Matter of Brantigan*, 11 I&N Dec. 493, 495 (BIA 1966).

When interpreting statutes and regulations, we look first to the plain meaning of the language, and we are required to give effect to Congress' unambiguously expressed intent. *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984); *Matter of F-P-R-*, 24 I&N Dec. 681, 683 (BIA 2008). The intent of Congress is presumed to be expressed by the ordinary meaning of the words used. *Matter of F-P-R-*, 24 I&N Dec. at 683; *see also INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987). We also construe a statute or regulation to give effect to all of its provisions. *Matter of E-L-H-*, 23 I&N Dec. 814, 823 (BIA 2005); *Matter of Masri*, 22 I&N Dec. 1145, 1148 (BIA 1999).

Section 204(c) of the Act provides, in pertinent part, that

> no petition shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as *the spouse of* a citizen of the United States or *the spouse of* an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws, or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.

(Emphases added.) By its plain language, section 204(c) applies only to an alien who sought to be accorded, or was accorded, status as a "spouse" based on a marriage found to have been entered into for the purpose of evading the immigration laws or who conspired or attempted to enter into such a marriage. *See also* 8 C.F.R. § 204.2(a)(1)(ii) (2013). Thus, under its unambiguous terms, section 204(c) does not apply to anyone other than the alien who entered into, or conspired or attempted to enter into, a fraudulent marriage, and it only prevents a petition from being approved on that alien's behalf.

---

[1] The petitioner has raised arguments on appeal regarding the finding that his wife previously engaged in marriage fraud relating to her prior marriage. However, those issues are not before us in this case, and they will not be addressed here.

In this case, it is not alleged that the beneficiary himself conspired or attempted to enter into a fraudulent marriage or that he sought to be accorded status as "the spouse of" a United States citizen or lawful permanent resident. The beneficiary is a child who was not a party to his mother's prior marriage, and his relationship to the petitioner as a stepchild is unrelated to that marriage. We therefore conclude that section 204(c) does not apply to the beneficiary and does not bar the approval of a visa petition filed on his behalf by the petitioner to accord him status as a stepchild.

The Director incorrectly stated that because the petition for the beneficiary's mother had been denied based on section 204(c) of the Act, the petitioner's relationship to the beneficiary as a stepparent was "no longer valid." The Director has never examined the legal validity and bona fides of the petitioner's marriage to the beneficiary's mother or the beneficiary's relationship to the petitioner as a stepchild. *See* section 101(b)(1)(B) of the Act, 8 U.S.C. § 1101(b)(1)(B) (2006) (including within the definition of the term "child" a stepchild who had not reached the age of 18 years when the marriage creating the status of stepchild occurred); *Matter of Awwal*, 19 I&N Dec. 617 (BIA 1988) (providing that a stepchild relationship must be based on a marriage that was at some point a valid one and that it may not be based on a sham marriage). The merits of the visa petition must therefore be addressed.

We find that a remand is warranted for consideration of the visa petition filed on the beneficiary's behalf and the issues involving his eligibility for classification as a stepchild. Even if section 204(c) of the Act may bar approval of a petition for the beneficiary's mother without regard to the validity of her current marriage to the petitioner, it does not prevent approval of the petition filed by the petitioner on the beneficiary's behalf. However, the petitioner must meet his burden of showing that the marriage creating the stepchild relationship is valid and that the beneficiary is otherwise eligible for the status sought. *See Matter of Awwal*, 19 I&N Dec. 617; *Matter of Brantigan*, 11 I&N Dec. at 495. Accordingly, the petitioner's appeal will be sustained and the record will be remanded to the Director for further consideration of the visa petition on its merits.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded for further proceedings consistent with the foregoing opinion and for the entry of a new decision.