Zheng v. Lynch

BIA
A200 911 456

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand fifteen.

PRESENT:
>   JON O. NEWMAN,
>   RICHARD C. WESLEY,
>   PETER W. HALL,
>       *Circuit Judges*.

——————————————————————————————————

HUI ZHENG,
>       *Petitioner*,

>   v.                                   13-1714
>                                        NAC

LORETTA LYNCH, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent*.

——————————————————————————————————

FOR PETITIONER:        Oleh R. Tustaniwsky, Brooklyn, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Virginia Lum,

**Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Hui Zheng, a native and citizen of the People's Republic of China, seeks review of an April 8, 2013, decision of the BIA denying his motion to reconsider and reopen. *In re Hui Zheng*, No. A200 911 456 (B.I.A. Apr. 8, 2013). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of motions to reconsider and reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69, 173 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93

(2d Cir. 2001) (internal citations omitted). The BIA abused its discretion in concluding that Zheng failed to specify any error of law or fact in its prior decision affirming an Immigration Judge's pretermission of his asylum application as untimely filed. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *see also Jian Hui Shao*, 546 F.3d at 173.

First, the IJ erred in giving "little evidentiary weight" to the stamp on Zheng's Chinese passport, showing that he left China on August 30, 2009. IJ opinion at 13. Zheng presented this stamp to corroborate his testimony that his August 10, 2010, application for asylum was filed within one year of his entry into the United States. The IJ's reason for giving the stamp little weight was Zheng's inability "to provide any of the necessary incidental travel documents associated with his alleged trip to the U.S." *Id.* Although lack of corroboration is relevant to assessing the credibility of a witness's testimony, what the IJ did was discount corroborating evidence for lack of documents that corroborated the corroborating evidence. This was improper. Furthermore, Zheng explained that the snakehead arranged his travel and took back the Japanese passport on which Zheng traveled outside of China. The exit stamp on Zheng's

3

Chinese passport was undisputed evidence that he left China on August 30, 2009.

Second, the IJ erred in faulting Zheng for not establishing "with clear and convincing evidence . . . that he had arrived in U.S. at the time that he asserts: May 12, 2010." *Id.* The time requirement for an asylum application is that it must be filed "within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. 1158(a)(2)(B). The exit stamp that established Zheng's departure from China within the year proceeding the filing date of his asylum application necessarily demonstrated that Zheng's last arrival in the United States was within one year of that filing date. *See Matter of F-P-R-*, 24 I. & N. Dec. 681, 683-85 (B.I.A. 2008) (holding that the one year filing deadline for an asylum application is calculated from the alien's last arrival in the United States, even if that arrival occurred following a brief trip abroad).[*] Zheng's application was timely

---

[*] Prior to the BIA's decision in *Matter of F-P-R-*, we held "that the term 'last arrival in the United States' should not be read to include an alien's return to the United States after a brief trip abroad pursuant to a parole explicitly permitted by United States immigration authorities." *Joaquin-Porras v. Gonzales*, 435 F.3d 172, 179 (2d Cir. 2006). That decision does not trump the BIA's subsequent, conflicting interpretation of its own regulation in *Matter of F-P-R-*. *See*

4

no matter when within the relevant one-year period after leaving China he entered the United States. Accordingly, Zheng demonstrated an error of law in the BIA's prior decision affirming the IJ's pretermission of his asylum application as untimely, and the BIA abused its discretion in denying his motion to reconsider. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *see also Jian Hui Shao*, 546 F.3d at 173.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is vacated, and the matter is REMANDED for further consideration. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

---

*Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Services*, 545 U.S. 967, 982 (2005).