**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| IVAN MENDEZ RODAS, | Nos. 12-73227, 13-70904 |
| Petitioner, | Agency No. A089-859-407 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2016**
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges and KORMAN,*** District Judge.

Ivan Mendez Rodas petitions for review of the decision of the Board of

Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Edward R. Korman, District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

applications for eligibility for asylum, withholding of removal, and protection under the Convention against Torture ("CAT"). Rodas also argues that the BIA erred in declining to rule on his bond and custody issues during the merits appeals of the IJ's order of removal. Separately, Rodas petitions for review of the BIA's denial of his motion for reconsideration. We deny in part and dismiss in part these petitions for review.

1. Rodas did not file his asylum application until thirteen years after arriving in the United States. An asylum application must be filed "within 1 year after the date of the alien's arrival in the United States" subject to certain limited exceptions not relevant here. 8 U.S.C. § 1158(a)(2)(B). This one-year period begins on "the date of the alien's last arrival in the United States or April 1, 1997, whichever is later." 8 C.F.R. § 1208.4(a)(2)(ii). Rodas claims that, because he managed to somehow avoid inspection when he crossed the border, he should not be deemed to have ever arrived in the United States. This claim is without merit. An alien who enters the United States "whether or not at a designated port of arrival" has arrived for asylum purposes. 8 U.S.C. § 1158(a)(1); *see also Matter of F-P-R*, 24 I&N Dec. 681, 683 (BIA 2008) (defining "last arrival" as an "alien's most recent coming or crossing into the United States after having traveled from somewhere outside of the country"). Thus, Rodas's asylum application was untimely.

2. Even if Rodas had timely filed his asylum application, he would still be ineligible for asylum. Rodas claims that Guatemala persecutes rural farmers by failing to provide them with sufficient economic assistance. Any economic hardship that he may suffer due to Guatemala's economic policies does not constitute persecution. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177-79 (9th Cir. 2004). Indeed, based on Rodas's testimony, the IJ could have reasonably concluded that these economic policies impacted all Guatemalan citizens rather than just rural farmers. Moreover, because Rodas failed to demonstrate a well-founded fear of persecution, he cannot satisfy the more stringent requirements to be eligible for withholding of removal. *See Al-Haribi v. I.N.S.*, 242 F.3d 882, 888-89 (9th Cir. 2001).

3. Rodas did not establish eligibility for protection under the CAT because any economic hardship that he may face if returned to Guatemala would not constitute torture, which is limited to "extreme form[s] of cruel and inhuman treatment." 8 C.F.R. § 1208.18(a)(2).

4. Rodas also asks that the BIA be ordered to set bond rather than requiring him to report to Immigration and Customs Enforcement as well as the Intensive Supervision Appearance Program. Our jurisdiction to entertain direct appeals from the BIA is confined to a "final order of removal." 8 U.S.C. § 1252(a). We therefore lack jurisdiction to resolve this issue because bond and custody matters are treated as

3

"separate and apart from . . . any deportation or removal hearing or proceeding." 8 C.F.R. § 1003.19(d); *see* 8 U.S.C. § 1252(b)(9).

5. We reject Rodas's appeal from the BIA's denial of his motion for reconsideration because it simply repeats the issues raised in his original appeal.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**