# MATTER OF JUAREZ

## In Deportation Proceedings

### A-29993357

*Decided by Board June 20, 1991*

(1) The status of a lawful temporary resident alien under the special agricultural worker program who subsequently commits a deportable offense is not required to be terminated as a condition precedent to the commencement of deportation proceedings. *Matter of Medrano*, 20 I&N Dec. 216 (BIA 1990, 1991), distinguished.

(2) The protection against the execution of an order of deportation afforded by section 210(d) of the Immigration and Nationality Act, 8 U.S.C. § 1160(d) (1988), does not apply to an alien who has been granted temporary resident status, who commits a deportable offense after acquiring such status, and who is subject to a final order of deportation by an immigration judge based on a determination that the alien is deportable for such offense under section 241(a) of the Act, 8 U.S.C. § 1251(a) (1988).

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
Lee Salas, Esquire[1]
Salas & McCarthy
1715 Avenue K, Suite 203
Plano, Texas 75074

ON BEHALF OF SERVICE:
Robert T. Burton
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated May 21, 1990, an immigration judge found the respondent deportable under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1988), as an alien who entered the United States without inspection, and ordered him deported from the United States to Mexico. The respondent has appealed from that decision. The appeal will be dismissed.

The Order to Show Cause and Notice of Hearing (Form I-221) was issued against the respondent on January 22, 1990. The Order to Show Cause alleges that the respondent entered the United States without inspection near Del Rio, Texas, on or about January 21, 1990. At the hearing, the respondent testified that even though he had a special

---

[1] The respondent appeared pro se at his deportation hearing.

agricultural worker ("SAW") card, he entered the United States without inspection on January 21, 1990, as he was assisting two aliens to enter the United States without inspection. A conviction record offered into evidence by the Immigration and Naturalization Service reflects that on January 23, 1990, the respondent was convicted in the United States District Court for the Western District of Texas for the offense of knowingly and willfully aiding and abetting another alien's entry into the United States without inspection in violation of 8 U.S.C. § 1325 (1988) and 18 U.S.C. § 2 (1988). The respondent's deportability under section 241(a)(2) of the Act, as an alien having entered the United States without inspection, has been established by clear, unequivocal, and convincing evidence by the Service's proof and the respondent's concessions at the deportation hearing. *See* 8 C.F.R. § 242.14(a) (1990); *Woodby v. INS*, 385 U.S. 276 (1966).

On appeal, the respondent contends that he may not be deported because his temporary resident status has not been revoked.[2] *See* section 210(a)(3)(A) of the Act, 8 U.S.C.A. § 1160(a)(3)(A) (West Supp. 1990). The respondent cites section 210(d)(2)(A) for the proposition that he is not deportable until a final determination is made in his SAW case.

The record indicates that the respondent has been granted lawful temporary resident status pursuant to section 210(a)(1) of the Act (SAW provisions) and that such status was granted prior to the respondent's entry without inspection on January 21, 1990, and the issuance of the Order to Show Cause on January 22, 1990. We note, however, that no documentary evidence corroborating the grant of this status or the date such status was granted was presented at his deportation proceedings. At the hearing, counsel for the Service stated that the respondent's temporary resident status had not been terminated. For purposes of this decision, we will assume the truth of the respondent's claims that he was granted temporary resident status pursuant to section 210(a)(1) of the Act, that such status was granted prior to his last entry into the United States without inspection and the issuance of the Order to Show Cause,[3] and that such status has not been terminated.

There are two fundamental questions which must be resolved in this case. The first question that arises is whether the Service is required to

---

[2] On appeal, the respondent has proffered his temporary resident registration number.

[3] In addition to the respondent's testimony that he had a SAW card at the time of entry without inspection on January 21, 1990, we note that the application period for temporary resident status under section 210(a)(1)(A) of the Act had to be during the 18-month period beginning on the 1st day of the 7th month that began after the date of enactment of the section, which was November 6, 1986. *See* Immigration Reform and Control Act of 1986, Pub. L. No. 99-603, 100 Stat. 3359.

terminate, as a condition precedent to the commencement of deportation proceedings, the lawful temporary resident status granted to an alien as a special agricultural worker who commits a deportable offense after he has acquired temporary residence in this country. In the Board's recent decision in *Matter of Medrano*, 20 I&N Dec. 216 (BIA 1990, 1991), we held that the status of a lawful temporary resident alien under section 245A of the Act, 8 U.S.C. § 1255a (1988), who commits a deportable offense after he has acquired such residence, must be terminated as a condition precedent to the commencement of deportation proceedings. However, we do not find that holding to be applicable in the instant case. *Matter of Medrano* concerned an alien who had been granted lawful temporary resident status pursuant to section 245A of the Act, while the case before us concerns an alien who was granted lawful temporary resident status pursuant to section 210 of the Act. In some important respects, the termination of temporary resident status differs markedly under these two sections of the Act.

The statutory provision concerning the termination of temporary residence at section 245A(b)(2) of the Act and the federal regulation implementing the termination procedure at 8 C.F.R. § 245a.2(u) (1991) clearly contemplate that the termination process will precede the commencement of deportation proceedings against an alien. *See Matter of Medrano, supra*. In contrast, section 210(a)(3) of the Act provides as follows:

> (A) During the period of temporary resident status granted an alien under paragraph (1) [special agricultural worker provisions], the Attorney General may terminate such status only upon a determination under this Act that the alien is deportable.

> (B) Before any alien becomes eligible for adjustment of status under paragraph (2), the Attorney General may deny adjustment to permanent status and provide for termination of the temporary resident status granted such alien under paragraph (1) if—

> (i) the Attorney General finds by a preponderance of the evidence that the adjustment to temporary resident status was the result of fraud or willful misrepresentation as set out in section 212(a)(19),[4] or

> (ii) the alien commits an act that (I) makes the alien inadmissible to the United States as an immigrant, except as provided under subsection (c)(2), or (II) is convicted of a felony or 3 or more misdemeanors committed in the United States.[5]

The respondent in the instant case is deportable as an alien who entered the United States without inspection under section 241(a)(2)

---

[4]Revised and redesignated as section 212(a)(6)(C)(i) of the Act by section 601 of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5073 (effective Nov. 29, 1990).

[5]Section 210(a)(3)(B) was inserted by section 4(a)(2) of the Immigration Nursing Relief Act of 1989, Pub. L. No. 101-238, 103 Stat. 2099, 2103 (effective Dec. 18, 1989).

of the Act, after having been granted temporary resident status as a special agricultural worker. A determination of the respondent's deportability has been made by an immigration judge under the Act. The respondent is accordingly subject to having his temporary resident status under section 210(a)(1) of the Act terminated pursuant to section 210(a)(3)(A) of the Act.

In accordance with the statutory provisions for the termination of temporary residence, the Service has promulgated a regulation providing for the termination of an alien's temporary residence which is codified at 8 C.F.R. § 210.4(d) (1991). That regulation provides in pertinent part:

(1) The temporary resident status of a special agricultural worker is terminated *automatically and without notice* under section 210(a)(3) of the Act upon entry of a final order of deportation by an immigration judge based on a determination that the alien is deportable under section 241 of the Act.

(2) The status of an alien lawfully admitted for temporary residence under section 210(a)(2) of the Act,[6] may be terminated before the alien becomes eligible for adjustment of status under § 210.5 of this part, upon the occurrence of any of the following:

(i) It is determined by a preponderance of the evidence that the adjustment to temporary resident status was the result of fraud or willful misrepresentation as provided in section 212(a)(19) of the Act;

(ii) The alien commits an act which renders him or her inadmissible as an immigrant, unless a waiver is secured pursuant to § 210.3(e)(2) of this part;

(iii) The alien is convicted of any felony, or three or more misdemeanors in the United States.

(3) (i) Termination of an alien's status under paragraph (d)(2) of this section will be made only on notice to the alien sent by certified mail directed to his or her last known address, and to his or her representative ....

(ii) Termination proceedings must be commenced before the alien becomes eligible for adjustment of status under § 210.5 of this part. The timely commencement of termination proceedings will preclude the alien from becoming a lawful permanent resident until a final determination is made in the proceedings, including any appeal.[7] (Emphasis added.)

Even though 8 C.F.R. §§ 210.4(d)(2) and (3) (1991) have been amended to provide for notice requirements and the procedure for the termination of the temporary resident status upon the occurrence of certain events, it is not the exclusive means by which such status may be terminated. Pursuant to 8 C.F.R. § 210.4(d)(1) (1991), the temporary resident status of a special agricultural worker is automatically terminated without notice when an immigration judge enters a final

---

[6] The reference to section 210(a)(2) of the Act should probably be to section 210(a)(1).
[7] Effective April 5, 1990, 8 C.F.R. § 210(d)(2) was revised and 8 C.F.R. § 210(d)(3) was added. 55 Fed. Reg. 12,629 (1990).

order of deportation based on a determination of deportability under section 241 of the Act. *See also* section 210(a)(3)(A) of the Act.

Therefore, our review of the provisions concerning the termination of temporary resident status granted to an alien as a special agricultural worker under section 210 of the Act, as well as the regulation implementing the termination procedure, leads us to the conclusion that the Service is not required to terminate, as a condition precedent to the commencement of deportation proceedings, the lawful temporary resident status of an alien who commits a deportable offense after he has acquired temporary residence in this country and who is subject to a final order of deportation by an immigration judge based on a determination that the alien is deportable under section 241 of the Act for this deportable offense. However, we further conclude that where termination of the temporary resident status granted an alien as a special agricultural worker is sought based on one of the enumerated grounds set forth in section 210(a)(3)(B) of the Act and there is no determination under the Act that the alien is deportable, the Service must comply with the notice and procedural requirements set forth in 8 C.F.R. § 210.4(d)(3) (1991). Also, the Board wishes to point out that an alien who, after having established that he is admissible to the United States as an immigrant, has been granted lawful temporary resident status as a special agricultural worker, may not be placed in deportation proceedings for a deportable offense committed prior to the grant of temporary resident status unless and until the termination of such status is made in compliance with the notice and procedural requirements set forth in 8 C.F.R. §§ 210.4(d)(2) and (3) (1991).

Accordingly, in the case before us, the immigration judge properly proceeded with the deportation hearing even though the record indicates that the respondent's temporary resident status as a special agricultural worker had not been terminated prior to the commencement of deportation proceedings because the respondent had been found deportable under section 241(a)(2) of the Act for entry without inspection after he acquired the temporary resident status.

The second question that is raised in this case is whether the Service may deport the respondent pursuant to the order of deportation entered against him. The respondent cites section 210(d)(2) of the Act in support of his argument that he cannot be deported until a final determination on his application for adjustment of status as a special agricultural worker has been completed. Initially, we note that, as with all orders of deportation, no alien may be deported until the order of deportation becomes final. *See* section 242 of the Act, 8 U.S.C. § 1252 (1988); 8 C.F.R. § 243.3 (1991). Furthermore, section 210(d) of the Act provides only for a stay of the execution of an exclusion or deportation order and does not preclude the entry of an exclusion or

deportation order. Thus, the question before us becomes whether the order of deportation entered against the respondent may be executed when it becomes final.

Section 210(d)(2) of the Act specifies that a stay is provided "in the case of an alien who presents a nonfrivolous application for adjustment of status under subsection (a) during the application period, and until a final determination on the application has been made." The respondent's application was completed when he was granted temporary resident status as a special agricultural worker. Any adjustment to permanent resident status is not by application but occurs as a matter of course according to a time schedule set forth in section 210(a)(2) of the Act. See 8 C.F.R. § 210.5 (1991). Also, the implementing regulation at 8 C.F.R. § 210.2(c)(4)(iv) (1991) only refers to a stay of deportation during the application process for temporary resident status. Moreover, once the temporary resident status has been terminated upon entry of a final order of deportation by an immigration judge based on a determination that the alien is deportable for an offense committed after temporary residency was acquired, there is no provision for adjustment of status to permanent residence. Any possible waiver which may be available pursuant to sections 210(a)(3)(B) and (c)(2) of the Act pertain to the termination of temporary resident status based on one of the enumerated grounds set forth in section 210(a)(3)(B), and such waiver may be applied for only in a termination proceeding conducted by the Service in compliance with the governing regulations at 8 C.F.R. §§ 210.4(d)(2) and (3) (1991). As previously noted, the notice and procedural requirements set forth in 8 C.F.R. §§ 210.4(d)(2) and (3) (1991) govern such proceedings. Neither the immigration judge nor this Board may make any determination regarding the alien's eligibility for temporary resident status or permanent resident status. Section 210(e) of the Act; see also 8 C.F.R. §§ 210.1-.5 (1991).

We therefore conclude that the protection against the execution of an order of deportation afforded by section 210(d) of the Act does not apply to an alien who has been granted temporary resident status, who commits a deportable offense after acquiring such status, and who is subject to a final order of deportation by an immigration judge based on a determination that the alien is deportable for such offense under section 241(a) of the Act.

We further find that on the record before us, the respondent has no apparent eligibility for any relief from deportation. The respondent has made no application for relief.

Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

345