**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIO HERNANDEZ FLORES, AKA Sergio Flores Hernandez, AKA Fernando Gonzalez Ruiz, AKA Fernando Ruiz, AKA Fernando Ruiz Gonzalez, *Petitioner*, v. JEFFREY A. ROSEN, Acting Attorney General, *Respondent*. | No. 17-72888 Agency No. A093-237-433 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 7, 2020
Pasadena, California

Filed December 30, 2020

Before:  Andrew J. Kleinfeld, Andrew D. Hurwitz, and
Daniel A. Bress, Circuit Judges.

Opinion by Judge Bress

# SUMMARY[*]

## Immigration

The panel denied Sergio Hernandez Flores's petition for review of a decision of the Board of Immigration Appeals and held that the government may remove petitioner now, rejecting his contention that, under provisions specific to the Special Agricultural Worker program (SAW), the Attorney General was required to seek his removal while he was a temporary resident decades ago.

Under SAW, certain alien agricultural workers who performed services in the United States for at least 90 days during the 12-month period ending on May 1, 1986 could apply for adjustment to temporary resident status. An applicant had to establish that he was admissible, and an alien granted temporary residence was automatically adjusted to permanent resident status on a fixed schedule.

Before being granted temporary resident status under SAW in 1990, petitioner was convicted of two drug felonies. The record did not indicate whether he disclosed his convictions on his application. In 1992, he automatically adjusted to permanent resident status, but was charged as removable in 2015 as an alien who was inadmissible at the time of adjustment. He did not dispute that his convictions rendered him inadmissible, but argued that he could only have been removed on that ground under SAW's termination provisions, which provided that after adjustment to temporary residency, but before adjustment to permanent

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

residency, the Attorney General could terminate an alien's temporary resident status.

The panel held that, under SAW, an alien who was inadmissible at the time of his adjustment to temporary resident status because of disqualifying convictions may be removed after his automatic adjustment to permanent resident status, despite the Attorney General never having initiated termination proceedings while the alien was a temporary resident. The panel explained that neither the SAW statutory provisions nor regulations suggest, much less mandate, that the termination provisions are the exclusive means by which the government may remove an alien in this circumstance. By the same token, the panel explained that nothing in petitioner's ground of removability purports to exempt SAW applicants from its ambit. The panel also observed that BIA precedent is in accord with its holding.

The panel also rejected petitioner's contention that SAW's limitations on administrative and judicial review prevent the government from seeking his removal, explaining that those limits apply only to review of denials of SAW status. Finally, the panel concluded that *Barton v. Barr*, 140 S. Ct. 1442 (2020), which rejected the argument that "a noncitizen is not rendered 'inadmissible' unless and until the noncitizen is actually adjudicated as inadmissible and denied admission," provided no support for petitioner's position.

## COUNSEL

Megan Brewer (argued) and Stacy Tolchin, Law Offices of Stacy Tolchin, Los Angeles, California, for Petitioner.

Jeffrey A. Hall (argued), Jane T. Schaffner, and Matthew B. George, Trial Attorneys; Joseph H. Hunt, Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

BRESS, Circuit Judge:

Under the Special Agricultural Worker program (SAW), agricultural workers meeting certain qualifications could obtain lawful temporary resident status, after which they were automatically adjusted to lawful permanent residency on a set schedule. *See* 8 U.S.C. § 1160. Petitioner Sergio Hernandez Flores obtained lawful permanent resident status through SAW. But it turns out that before he applied for SAW temporary resident status, he had been convicted of two drug offenses that would have rendered him ineligible for admission into the United States. The Department of Homeland Security (DHS) now seeks petitioner's removal as an "alien who at the time of entry or adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time." 8 U.S.C. § 1227(a)(1). The question in this case is whether the government may seek petitioner's removal now or whether, under provisions specific to SAW, the Attorney General was required to seek removal while petitioner was a temporary resident some

decades ago.  We hold that the government may remove petitioner now and therefore deny the petition for review.

I

In 1986, Congress created SAW to "provide[] amnesty for a large number of the undocumented alien population of agricultural workers" present in the United States. *Soriano-Vino v. Holder*, 653 F.3d 1096, 1099 (9th Cir. 2011); *see also* Immigration Reform and Control Act of 1986, Pub. L. No. 99-603, § 302(a), 100 Stat. 3359, 3417–22 (codified at 8 U.S.C. § 1160).   Under SAW, certain aliens who had performed "seasonal agricultural services in the United States" for at least 90 days during the 12-month period ending on May 1, 1986 could apply for adjustment to temporary resident status.    8 U.S.C. § 1160(a)(1). Applications had to be filed "during the 18-month period beginning on the first day of the seventh month that begins after November 6, 1986." *Id.* § 1160(a)(1)(A).   To be eligible for SAW, an applicant also had to establish that he was admissible into the United States. *Id.* § 1160(a)(1)(C); *see also id.* § 1160(c)(2) (granting the Attorney General authority to waive certain grounds of inadmissibility under limited circumstances).

An alien who was granted temporary residence under SAW was automatically adjusted to permanent resident status on a fixed schedule, without the need for another application.  8 U.S.C. § 1160(a)(2).  SAW thus functioned as a "broad amnesty program[]" that allowed qualifying agricultural workers unlawfully present in the United States to obtain legal immigrant status. *Ortiz v. Meissner*, 179 F.3d 718, 719 (9th Cir. 1999).

In 1986, petitioner, a citizen of Mexico, pleaded guilty in California state court (under the alias Fernando Ruiz

Gonzalez) to two drug felonies: sale of cocaine and possession for sale of heroin and cocaine. Petitioner does not dispute that these convictions rendered him inadmissible into the United States. Despite these convictions, however, petitioner in 1990 was granted temporary resident status under SAW. SAW imposes strict confidentiality rules on the information provided in SAW applications, *see* 8 U.S.C. § 1160(b)(6), and the record does not indicate whether petitioner disclosed his convictions on his application, but petitioner does not contend that he did so.

SAW also provided that after an alien's adjustment to temporary residency, but before his automatic adjustment to permanent residency, the Attorney General could terminate the alien's temporary resident status. 8 U.S.C. § 1160(a)(3). These provisions, which are the principal focus of this appeal, read as follows:

> **(3) Termination of temporary residence**
>
> (A) During the period of temporary resident status granted an alien under [section 1160(a)(1)], the Attorney General may terminate such status only upon a determination under this chapter that the alien is deportable.
>
> (B) Before any alien becomes eligible for adjustment of status [to permanent residence] under [section 1160(a)(2)], the Attorney General may deny adjustment to permanent status and provide for termination of the temporary resident status granted such alien under [section 1160(a)(1)] if—

(i) the Attorney General finds by a preponderance of the evidence that the adjustment to temporary resident status was the result of fraud or willful misrepresentation as set out in section 1182(a)(6)(C)(i) of this title, or

(ii) the alien commits an act that (I) makes the alien inadmissible to the United States as an immigrant, except as provided under [section 1160(c)(2)], or (II) is convicted of a felony or 3 or more misdemeanors committed in the United States.

8 U.S.C. § 1160(a)(3). SAW's implementing regulations impose notice requirements and other procedures that the Attorney General must follow when terminating temporary residency. *See* 8 C.F.R. § 210.4(d). Here, the Attorney General never sought to terminate petitioner's SAW status while he was a temporary resident. As a result, petitioner automatically adjusted to permanent resident status by operation of SAW in 1992. *See* 8 U.S.C. § 1160(a)(2).

More than two decades later, in 2015, DHS charged petitioner with removability as an "alien who at the time of entry or adjustment of status was within one or more classes of aliens inadmissible by the law existing at such time." 8 U.S.C. § 1227(a)(1)(A). As relevant here, DHS alleged that at the time petitioner adjusted to temporary resident status, his California felony drug convictions rendered him inadmissible under former 8 U.S.C. § 1182(a)(23).[1]

---

[1] This provision, as amended, is now found at 8 U.S.C. § 1182(a)(2)(A)(i)(II).

Although the Attorney General could waive certain grounds for inadmissibility under SAW, petitioner's drug offenses were nonwaivable. *See* 8 U.S.C. § 1160(c)(2)(B)(ii)(III).

An immigration judge (IJ) found petitioner removable based on his drug convictions. The Board of Immigration Appeals (BIA) dismissed petitioner's appeal. It reasoned that "[a]lthough the former Immigration and Naturalization Service would have been within its right to initiate termination of [petitioner's] temporary resident status, the fact that such action was not taken does not foreclose the DHS from currently charging [petitioner] with being removable."

Petitioner timely sought review in this court. We have jurisdiction under 8 U.S.C. § 1252 and review pure questions of law de novo. *Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1184 (9th Cir. 2011).

II

The sole issue presented for our review is whether, under SAW, an alien who was inadmissible at the time of his adjustment to temporary resident status because of disqualifying convictions may be removed after his automatic adjustment to permanent resident status, despite the Attorney General never having initiated 8 U.S.C. § 1160(a)(3) termination proceedings while the alien was a temporary resident. Petitioner essentially claims that because he became a permanent resident under SAW, the government had a narrow window within which to remove him, so that his drug convictions thereafter can never form the basis for his removal. (Petitioner does not claim that the Attorney General is prevented from seeking removal because the government knew of the disqualifying

convictions but nonetheless approved petitioner's SAW application.)

The starting point for our analysis is *Perez-Enriquez v. Gonzales*, 463 F.3d 1007 (9th Cir. 2006) (en banc), in which we held that admissibility under SAW is determined at the time the petitioner obtains lawful temporary residency. *Id.* at 1008. In *Perez-Enriquez*, *after* adjusting to lawful temporary resident status, the agricultural worker was convicted of crimes that would have rendered him inadmissible at the time he adjusted to such status. *Id.* at 1008–09. The Attorney General did not invoke his discretionary authority under SAW to terminate the petitioner's status while the petitioner was a temporary resident. *Id.* at 1008–09. The petitioner then automatically adjusted to lawful permanent resident status. *See id.* The question in *Perez-Enriquez* was whether the petitioner could be removed because his convictions rendered him inadmissible under 8 U.S.C. § 1227(a)(1) at the time of his adjustment from temporary to permanent resident status. *Id.* at 1009–10.

Our en banc court answered that question "no." *Id.* at 1015. We held that under SAW, "admissibility is determined as of the date of admission for lawful *temporary* residence[] and is not redetermined as of the date of adjustment to lawful *permanent* residence." *Id.* at 1008 (emphasis added). The consequence of this for the petitioner in *Perez-Enriquez* was that while the government could still pursue removal against him, he enjoyed certain "important protections" as a lawful permanent resident that he would not have had as an inadmissible alien. *Id.* at 1011.

Petitioner here is differently situated. While Perez-Enriquez sustained his convictions *after* adjusting to temporary resident status under SAW, Hernandez Flores was

convicted of his drug offenses *before* acquiring such status. *See also Gallegos-Vasquez v. Holder*, 636 F.3d 1181, 1188 (9th Cir. 2011) (involving a petitioner who committed offenses during his period of SAW temporary residence and who was thus "in the same position as the petitioner in *Perez-Enriquez*").

In *Perez-Enriquez*, we made clear "that admissibility for an agricultural worker under the SAW program is determined as of the date of adjustment of status to lawful temporary resident under § 1160(a)(1)." 463 F.3d at 1015. But *Perez-Enriquez* does not completely answer the question here because even if admissibility for purposes of 8 U.S.C. § 1227(a)(1) is determined as of the date of adjustment of status to SAW temporary residence, there remains the question of *when* the government can seek petitioner's removal based on that inadmissibility. Petitioner argues that he could only be removed based on his drug convictions while on temporary resident status. In petitioner's view, "[s]ection 1160 clearly states that the only lawful means for making such a determination is termination of status *during* the temporary residency period." Petitioner thus contends that because the Attorney General did not invoke this authority before he automatically adjusted to lawful permanent resident status, petitioner may not be removed for any convictions that rendered him inadmissible for SAW temporary residence.

Petitioner is not correct. It is true that SAW provides specific authority for the Attorney General to terminate an alien's temporary resident status and thereby prevent automatic adjustment to permanent resident status under SAW. 8 U.S.C. § 1160(a)(3); 8 C.F.R. § 210.4(d). But neither the SAW statutory provisions nor implementing regulations suggest, much less mandate, that these

provisions are the exclusive means by which the government may remove an alien on the ground that he was inadmissible at the time he adjusted to temporary resident status under SAW. The statute merely provides that in certain situations, "the Attorney General *may* terminate" an alien's lawful temporary status or "*may* deny adjustment" to lawful permanent resident status. 8 U.S.C. § 1160(a)(3)(A)–(B) (emphasis added); *see also* 8 C.F.R. § 210.4(d)(2) (echoing this language). As we thus have observed, "[t]he exercise of this power is permissive rather than mandatory." *Gallegos-Vasquez*, 636 F.3d at 1182. The petitioner's contention that the government was required to invoke § 1160(a)(3) decades ago, and is now prevented from removing him based on his original inadmissibility, is not a valid reading of SAW's statutory text or regulations.

As a result, nothing in SAW precludes the government from seeking removal under 8 U.S.C. § 1227(a)(1) for a person in petitioner's situation. *See also Francis v. Gonzales*, 442 F.3d 131, 134 n.4 (2d Cir. 2006) (rejecting the argument that "once permanent resident status is granted under the SAW program, an alien cannot be deported until his or her status is rescinded by special procedures set out" in the regulations implementing 8 U.S.C. § 1160(a)(3)). By the same token, nothing in § 1227(a)(1) purports to exempt SAW applicants from its ambit either.

BIA precedent is in accord. In *Matter of Juarez*, 20 I. & N. Dec. 340 (B.I.A. 1991), a special agricultural worker who had obtained temporary resident status left the United States and reentered it illegally, at which time he was ordered deported for entering the United States without inspection, in violation of 8 U.S.C. § 1251(a)(2) (1988). 20 I. & N. Dec. at 340–41. The alien argued that he could not be deported

because the Attorney General had not revoked his temporary resident status under SAW's special procedures. *Id.* at 341.

The BIA rejected this argument. It held that the procedures for revoking SAW temporary resident status are "not the exclusive means by which such status may be terminated" because "the temporary resident status of a special agricultural worker is automatically terminated without notice when an immigration judge enters a final order of deportation based on a determination of deportability under [8 U.S.C. § 1251]." *Id.* at 343–44. *Juarez* thus counsels against petitioner's assertion that he cannot be removed except via the mechanism of 8 U.S.C. § 1160(a)(3).

Petitioner points to dicta in *Juarez*, in which the BIA stated:

> [A]n alien who, after having established that he is admissible to the United States as an immigrant, has been granted lawful temporary resident status as a special agricultural worker, may not be placed in deportation proceedings for a deportable offense committed prior to the grant of temporary resident status unless and until the termination of such status is made in compliance with the notice and procedural requirements set forth in 8 C.F.R. §§ 210.4(d)(2) and (3) (1991).

20 I. & N. Dec. at 344. But this dicta does not suggest that after an alien has adjusted from temporary to permanent resident status under SAW, the government can no longer seek his removal for convictions sustained prior to the alien's adjustment to temporary status. *See Francis*,

442 F.3d at 134 n.4. That is the far-reaching relief petitioner requests here, which the statute, regulations, and *Juarez* do not support.

We likewise reject petitioner's argument, made for the first time at oral argument, that SAW's limitations on administrative and judicial review prevent the government from seeking his removal, whether before the Immigration Court, the BIA, or this court. Under SAW, "[t]here shall be no administrative or judicial review of a determination respecting an application for adjustment of status under this section except in accordance with [8 U.S.C. § 1160(e)]." 8 U.S.C. § 1160(e)(1). The statute goes on to require the Attorney General to "establish an appellate authority to provide for a single level of administrative appellate review of such a determination," with "judicial review of such a denial" available "only in the judicial review of an order of exclusion or deportation." *Id.* § 1160(e)(2)(A), (3)(A).

Petitioner's reliance on section 1160(e) is misplaced. That provision does indeed limit the administrative and judicial review of determinations "respecting an application for adjustment of status" under SAW. *Id.* § 1160(e)(1). But this case does not involve such review. We have not been asked to evaluate a determination on a SAW application for adjustment of status, and neither was the IJ or the BIA. For judicial review, moreover, section 1160(e)(1) applies only to "direct review of individual denials of SAW status," *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492 (1991), and this case does not require us to review such a denial (in fact, petitioner was granted status under SAW). The Supreme Court in *McNary* thus had no difficulty concluding that SAW's limits on judicial review did not preclude a "challenge[] to unconstitutional practices and policies used by the agency in processing [SAW] applications." *Id.* And

we likewise have little difficulty concluding that SAW's limits on administrative and judicial review do not preclude the government from seeking petitioner's removal based on convictions he sustained prior to securing SAW temporary resident status. We are aware of no authority to the contrary, and petitioner has cited none.

Finally, petitioner errs in relying on the Supreme Court's recent decision in *Barton v. Barr*, 140 S. Ct. 1442 (2020). As relevant here, *Barton* rejected the argument that "a noncitizen is not rendered 'inadmissible' unless and until the noncitizen is actually adjudicated as inadmissible and denied admission to the United States." *Id.* at 1451. In doing so, the Court cited the SAW provisions, among other provisions of the immigration laws, to show that inadmissibility is a "status" that attaches following certain convictions, "including for lawfully admitted noncitizens," regardless of whether the alien was actually adjudicated at the time to be inadmissible. *Id.* at 1452. As applicable here, *Barton* merely confirms that petitioner has been inadmissible since his felony drug convictions in 1986, despite having been granted lawful status. *Barton* provides no support for petitioner's assertion that under provisions unique to SAW, he could only be removed for his drug convictions during the period of his temporary residency. That is not a tenable reading of the statute.

**PETITION DENIED.**