**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

QIAOQIAO LUO,

          Petitioner,

  v.

PAMELA BONDI, Attorney General,

          Respondent.

No. 21-1440

Agency No.
A205-747-864

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 21, 2025[**]
San Diego, California

Before: WALLACE, McKEOWN, and OWENS, Circuit Judges.

Qiaoqiao Luo, a native and citizen of China, petitions for review of the

decision of the Board of Immigration Appeals ("Board") affirming an immigration

judge's denial of her motion to reopen and terminate removal proceedings. We

have jurisdiction under 8 U.S.C. § 1252. "We review the BIA's denial of a motion

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to reopen for abuse of discretion." *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (citation and internal quotation marks omitted). We "review pure questions of law de novo." *Hernandez Flores v. Rosen*, 984 F.3d 767, 770 (9th Cir. 2020). We deny the petition for review.

Luo's contentions regarding the merits of her asylum claim and the immigration judge's reasons for denying her motion to reopen to pursue asylum are not properly before us because she failed to raise them before the Board. *See* 8 U.S.C. § 1252(d)(1); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417–19 (2023); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended*.

As Luo concedes, a defective Notice to Appear does not eliminate the immigration court's jurisdiction. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191–93 (9th Cir. 2022) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION DENIED.**